FISK ET AL. *v.* THE PATRIOT AND BARKWORKS TURNPIKE CO.

PRACTICE.—*Change of Venue.*—*Refusal to Grant.*—*Discretion of Court.*—Where a sufficient affidavit is filed in a cause for a change of the venue thereof from the judge, the court has no discretion, can assign no reasons, such as a want of acquaintance with the affiant or rulings of the court in his favor, for not granting the change, and can take no further steps toward the trial of such cause, but must grant such change.

SAME.—*Judgment.*—*Appeal to the Supreme Court.*—An appeal may be taken to the supreme court from an interlocutory judgment of the circuit court dissolving a restraining order.

From the Switerland Circuit Court.

*R. Gregg, H. A. Downey* and *G. W. Mendell*, for appellants.

BIDDLE, J.—Complaint by the appellants to enjoin the collection of certain assessments made against their lands,

in favor of the Patriot and Barkworks Turnpike Company. The court adjudged that the appellees be enjoined and restrained, according to the prayer of the complaint, until the further order of the court. Afterwards the appellants filed the following affidavit for a change of venue:

"Thomas H. Sutton, one of the plaintiffs in the above entitled cause, swears that he can not, and that his co-plaintiffs can not, as he verily believes, have a fair and impartial trial of the above entitled cause before the Hon. JOHN G. BERKSHIRE, the judge of said Switzerland circuit court, before whom said cause is now pending for trial, on account of the bias and prejudice of said judge against him and his co-plaintiffs in said case, which bias and prejudice, affiant says, exists in connection with their cause of action in said case, as he verily believes, wherefore he prays a change of venue, to the end that a fair and impartial trial may be had.           THOMAS H. SUTTON."

Sworn to, etc.

It is also stated in the bill of exceptions that "every ruling in the case having been in favor of the plaintiffs to the time of the filing of said affidavit, and the judge never having had any acquaintance with the said Thomas H. Sutton, who swears to the said affidavit, no other conclusion could follow than that the affidavit was not made in good faith, but with a corrupt purpose to obtain time and to delay the collection of the assessments as long as possible, it being well known that, in such cases, delay for any length of time is almost equal to defeat, and the difficulty in obtaining judges to hold special [terms] also being well known. Therefore, in consideration of the foregoing, and after filing said affidavit, and before passing [judgment] upon the same, the court, of its own motion, dissolved the temporary injunction and restraining order heretofore granted by the court in said case."

Then follows the formal judgment dissolving the restraining order; to all of which the appellants reserved their exceptions, and appealed to this court.

The affidavit for a change of venue was sufficient under the statute. 2 R. S. 1876, p. 116, sec. 207, 7th clause. It was the imperative duty of the court to grant the change of venue, as prayed, by appointing a proper time to hold the trial and calling another judge to try the case. The court had no discretion in the matter. *Shattuck* v. *Myers*, 13 Ind. 46; *Goldsby* v. *The State*, 18 Ind. 147; *Mershon* v. *The State*, 44 Ind. 598.

The reasons stated in the bill of exceptions, which induced the court to dissolve the restraining order after a sufficient affidavit for a change of venue had been filed, are not sufficient. The affidavit was such a one as the affiant had a right to make, and having a right to make it, his motives were not to be impugned. Whatever a person has a right to do in open court, according to law, he must be allowed to do without having his motives questioned. The affidavit being sufficient, it was the duty of the court to so adjudge, without taking any further steps in the case. If a court could hold an affidavit for a change of venue under advisement, and proceed with the case as far as it chose, and then grant the change, it would wholly frustrate the purpose of the law in authorizing changes of venue. *Ex Parte Skeen*, 41 Ind. 418; *Manly* v. *The State*, 52 Ind. 215.

The interlocutory order of the court, in dissolving the restraining order, was one from which an appeal will lie. *Flagg* v. *Sloan*, 16 Ind. 432; *Bronenberg* v. *The Board of Com'mrs, etc.*, 41 Ind. 502.

The judgment is reversed, with costs, and the cause remanded for further proceedings.