## KRUTZ ET AL. *v.* HOWARD.

SUPREME COURT.—*Amendment Deemed Made.— Variance. — Promissory Note.*—The fact, that, in an action on a promissory note executed by A. B. & Son and C. X D., the complaint describes them as A. B. & Co. and C. D., is a variance which might be corrected by an amendment below, and which the Supreme Court, on appeal, will deem made.

CHANGE OF JUDGE.—*Affidavit for.—Rule of Court.*—If an affidavit for a change of judge complies with the material requirements of the statute on that subject, the change must be granted, though the affidavit fail to allege, as required by a rule of the court where it is filed, that the appli-

cant believes he has a good cause of action or defence, and that the ap-plication is not made merely for delay.

SAME.—*Co-Party may take Change.*—*Effect of*—One or more co-parties to an action may take a change of venue, and thus change the venue as to his co-parties as well as himself.

SAME.—*Reversal of Judgment in Supreme Court*—Where a change, so asked, is erroneously refused, the Supreme Court will reverse the judgment as to all of such parties.

From the Switzerland Circuit Court.

*J. A. Works, J. D. Works* and *J. A. Works, Jr.,* for appellants.

*T. Livings,* for appellee.

BIDDLE, J.—Complaint on a promissory note, by the appellee, against the appellants.

Answer, trial, finding, motion for a new trial overruled, judgment, appeal.

Eight assignments of error are made in this court, only two of which need to be noticed:

1. The complaint does not state facts sufficient to constitute a cause of action; and,

7. Overruling the motion for a new trial.

In the complaint the appellants are described as " William G. Krutz and Henry Krutz, partners trading in the firm name of Wm. G. Krutz & Co., Charles Schmied and Christian Carver," as defendants. The note is signed,            " WM. G. KRUTZ & SON,

" CHARLES SCHMIED,

his
" CHRISTOPHER x CARVER."
mark.

The appellants insist that the variances between the firm name of " Wm. G. Krutz & Co., as averred, and "Wm. G. Krutz & Son," as signed to the note, and the name " Christian Carver," as averred, and " Christopher Carver," as signed to the note, are fatal in this court. We think not. The averments might have been amended below, on motion, to correspond with the proof; and an

amendment which, there, might have been made, for that purpose, will, here, be deemed to have been made. This practice is well settled. *Lucas* v. *Smith*, 42 Ind. 103; *Hamilton* v. *Winterrowd*, 43 Ind. 393; *Krewson* v. *Cloud*, 45 Ind. 273; *Scheible* v. *Law*, 65 Ind. 332.

William G. Krutz filed his affidavit for a change of venue from the judge, in the following words:

"The defendant William G. Krutz, being duly sworn, upon his oath says that he can not have a fair and impartial trial of the above entitled cause, before the Hon. J. G. Berkshire, the judge before whom the same is pending, upon account of the bias and prejudice of said judge against him, which prejudice he says exists upon the part of said judge against him."

A motion, founded upon the above affidavit, for a change of venue, was refused. The reasons given by the judge for such refusal were as follows:

"That the above affidavit, in support of said motion, did not comply with the following rule of said court:

"'15. The affidavit for a change of venue or of trial from the judge shall state that the party is informed and believes that he has a good cause of action or defence; and, if a defendant, in general terms, the character of the defence. The affiant shall likewise state that the application is not made for delay.'

"Which rule of court was of record in said court, and in full force, at the time of making said motion and filing said affidavit, and had been in force for seven months before; and of the existence of said rule the said defendant and his attorneys had full notice, at the time of making said motion and filing said affidavit."

It is enacted, 2 R. S. 1876, p. 9, concerning circuit courts:

"Sec. 14. That said courts shall adopt rules for conducting the business therein, not repugnant to the laws of this State, and in every thing relating to simplifying and expediting the proceedings and decisions of causes, pre-

senting distinctly the points in issue in trials by jury, diminishing costs, and remedying imperfections that may be found to exist in the practice, the rules of such court shall be in conformity with those prescribed by the Supreme Court on the same subject."

The seventh clause of section 207 of the code enacts :

" When either party shall make and file an affidavit of the bias, prejudice or interest of the judge before whom the said cause is pending, the said court shall grant a change of venue."

Under this statute, this court has frequently decided, that, if the affidavit fulfils the requirements of the statute, the duty to grant the change of venue is imperative upon the court. *Witter* v. *Taylor*, 7 Ind. 110; *Mershon* v. *The State*, 44 Ind. 598; *Fisk* v. *The Patriot and Barkworks Turnpike Co.*, 54 Ind. 479; *Duggins* v. *The State*, 66 Ind. 350; *Krutz* v. *Griffith*, 68 Ind. 444.

That the affidavit complies with the statute in this case, as to the affiant, is not questioned. Was it necessary that it should comply with the rule of court ? Courts have the power, and it is their duty, to adopt rules for conducting the business therein, not repugnant to the laws of the State. Is this rule of the court repugnant to the laws of the State ? We think it is. By the law, the party need state only the bias, prejudice or interest of the judge before whom the cause is pending, to entitle him to a change of venue. By the rule of court, in addition to one of these, the affiant, being a defendant, is required to state that he is informed and believes that he has a good defence, and in general terms to state the character of the defence, and also that the application is not made for delay. We do not see what this rule has to do with conducting the business of the court. It does not relate to simplifying or expediting the proceedings, or presenting distinctly the points in issue, or diminishing costs, or in

remedying any imperfections that exist in the practice ; it simply adds, and is repugnant, to the law. The court can not add to or take from the law " one jot or one tittle." It must adjudicate and administer the law as it is. The court erred in overruling the motion for a change of venue.

Charles Schmied also filed a similar affidavit, and moved the court for a change of venue. The court overruled his motion for the reasons stated in overruling the motion of William G. Krutz ; but this question, being the same as the others, need not be examined.

The judgment is reversed, at the costs of the appellee, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings.

## ON PETITION FOR A REHEARING.

BIDDLE, C. J.—The counsel for the appellee, in his petition for a rehearing, insists that the word " party," as used in sec. 207 of the code of practice, means all the persons who are defendants, or all who are plaintiffs, whether one or many ; that, when a single one of several defendants or plaintiffs makes application for a change of venue, the affidavit must be made on behalf of all the defendants or plaintiffs, and exceptions must be reserved on behalf of all ; that, as the application in this case was made by only two of the defendants, each for himself, and no exceptions were reserved on behalf of all, there is no sufficient exception in the record to present the question involved to this court ; and that, therefore, there being no sufficient exceptions in the record, this court must affirm the judgment, even though the rule of court upon which the change of venue was denied was unauthorized by law.

We are not convinced by this reasoning. Such a construction would render the statute impracticable. When

one of several defendants or plaintiffs obtains a change of venue for himself, it necessarily changes the venue as to all his co-defendants or co-plaintiffs. The rule contended for by the counsel would sever defendants or plaintiffs necessary to be joined, and thus defeat the action in the court to which the change was made, for the want of proper parties therein, or deny a change of venue to any one defendant or plaintiff, unless all the several defendants or plaintiffs had sufficient ground therefor.

The counsel also contends that, inasmuch as no application for a change of venue was made on behalf of the third defendant, Carver, the judgment as to him should be affirmed, even though it must be reversed as to the other two defendants, Krutz and Schmied.

If we are right in the above view, this argument is unsound. When the court improperly refused the change of venue to Krutz and Schmied, or to either of them, it had no further jurisdiction in the case, and could render no valid judgment against either of the defendants. The judgment is therefore properly reversed as to all.

Petition overruled.