Bass *et al. v.* Elliott *et al.*

No. 12,273.

## BASS ET AL. *v.* ELLIOTT ET AL.

DRAINAGE.—*Change of Judge.*— *Civil Action.*—A drainage proceeding is so far a civil action that the provisions of sections 412 to 417, R. S. 1881, in relation to a change of judge, are applicable thereto.

SAME.— *Remonstrance.* —*Special Finding.*—*Absence of Finding as to Public Utility, etc.*—Where it does not affirmatively appear from the special finding of facts, in a drainage proceeding, either that the proposed drain will improve the public health, or benefit a public highway or street, or be of public utility, the judgment must be for the remonstrants.

SAME.—*Exception to Conclusion of Law Admits Correctness of Facts.*—By excepting merely to the conclusions of law drawn from a special finding of facts, a party admits that the facts have been fully and correctly found by the court.

From the Shelby Circuit Court.

*O. J. Glessner* and *D. L. Wilson,* for appellants.

*E. K. Adams, L. J. Hackney, T. B. Adams* and *L. T. Michener,* for appellees.

HOWK, J.—On the 25th day of April, 1883, appellants Bass and Gordon filed their petition in the clerk's office of the Shelby Circuit Court, praying therein for the location and construction of a certain ditch or drain, in Shelby county. Thereafter, on May 21st, 1883, proof was made by appellants, to the satisfaction of the court, that notice had been given of the filing of such petition, in the manner required by section 2 of the amendatory drainage act, of March 8th, 1883, more than twenty days before the day noted on the petition and set as the day for the docketing thereof. (Acts 1883, p. 174.) Thereupon, it was ordered and adjudged that the matter of such petition be entered on the dockets of the court, as an action pending therein. On May 26th, 1883, more than three days having elapsed after the docketing of such petition, and no demurrer, remonstrance or objection having been filed either to the form of the petition or to any of the commissioners of drainage, and the petition appearing to be sufficient, it was ordered and adjudged by the

court that such petition be referred to the commissioners of drainage of Shelby county, who were required to meet on a day and at a place named in such order, and make a report of their proceedings in such matter to the court, on June 16th, 1883.

Afterwards, on June 18th, 1883, the commissioners of drainage filed, in open court, their report, verified by affidavit; and, on the same day, the appellees appeared and filed their remonstrances against such report. Afterward, on October 8th, 1883, the commissioners of drainage filed what is called " their amendment to their original report herein," and their affidavit annexed thereto. On the same day, appellees filed their written motion to strike from the files of this cause such amendment of the original report of the commissioners of drainage, for certain specified reasons. Afterwards, on October 11th, 1883, upon affidavit filed, appellees' motion for a change of venue from the judge, or a change of judge, was sustained by the court. Afterwards, on March 11th, 1884, before the Honorable Thomas W. Woollen, who had been duly appointed and qualified as judge *pro tempore* of the court below for the trial of this cause, appellees' motion to strike from the files the amendment to the original report of the commissioners of drainage was sustained by the court. The cause was tried by the court, and, at appellants' request, the court made a special finding of facts and thereon stated, as its conclusion of law, " that the ditch proposed is not of public utility, and the board of commissioners having taken jurisdiction thereof, this court will not interfere by ordering the construction of the ditch asked for in this cause." Over appellants' exceptions to its conclusion of law, the court rendered judgment for the dismissal of the cause, and that appellees recover of appellants their costs.

The first error complained of here by appellants' counsel, in their brief of this cause, is the sustaining of appellees' motion for a change of venue from the judge, or a change of judge. It is claimed by counsel, that a cause such as this is

not a civil action, but a special proceeding under the statute concerning drainage; and, as that statute contains no provision for a change of venue from the judge, or a change of judge, counsel contend with some force and plausibility, that the court erred in sustaining the motion for a change of judge. But, under the recent decision of this court, the contention of appellants' counsel is untenable and can not be sustained. Thus, in *Neff* v. *Reed*, 98 Ind. 341, it was held substantially that a proceeding for the location and construction of a ditch or drain, under the statute concerning drainage, was so far a civil action that the provisions of the civil code, in relation to a motion for a new trial, were allowable and applicable to such proceeding. So, also, in *Crume* v. *Wilson*, 104 Ind. 583, the court said: " We are of opinion that in drainage cases the modes of procedure and the rules of practice prescribed by our civil code may properly be used to supply omissions in the drainage statutes." Accordingly, it was there held that, although there is no provision of our drainage statutes which authorizes the petitioner for a drain to dismiss his cause at any time, of his own motion, yet the provisions of section 333, R. S. 1881, in relation to the dismissal of a civil action by the plaintiff, were applicable to drainage cases, and the petitioner for a drain might thereunder, at the proper time, dismiss his petition. Applying the doctrine of the cases cited to the case in hand, we have no difficulty in reaching the conclusion that a proceeding for the location and construction of a ditch or drain, under our drainage statutes, is so far a civil action that the provisions of sections 412 to 417, R. S. 1881, in relation to a change of venue from the judge, or, more aptly speaking, a change of judge, must be held applicable to such a case as the one under consideration. Our conclusion is, therefore, that the court did not err in sustaining appellees' motion for a change of judge. See, also, as bearing upon the question we have been considering, the recent cases of *Burkett* v. *Holman*, 104

Ind. 6; *Powell* v. *Powell*, 104 Ind. 18; *Burkett* v. *Bowen*, 104 Ind. 184; *Evans* v. *Evans, ante*, p. 204.

The alleged error of the court in its conclusions of law upon the facts specially found, is the only other error of which appellants' counsel complain here in argument. The facts found by the court were, in substance, as follows: On the 12th day of February, 1881, proceedings were instituted before the board of commissioners of Shelby county, to which proceedings appellants were parties, to establish a ditch, beginning about 1500 feet west of the beginning of the proposed ditch in this cause, on the lands of Alfred Fox; and such proceedings were had that such ditch was located, and the report of the viewers, making the assessments and allotments, was filed in the auditor's office of such county on October 15th, 1881. Such report was approved and acted on by the county board, and the allotments therein made to parties along the line of the ditch were to be completed by such parties by November 20th, 1881, which was the time for the completion of such ditch as provided by the viewers' report, and none of the ditch was then completed, although several of the parties had begun the construction thereof. Afterwards, on December 9th, 1882, and more than one year after the time of completion, as provided by the viewers' report, the several allotments were by the auditor of such county, under the statute, sold out; and the parts heretofore allotted to the parties, appellants and appellees herein, were bought in by them respectively, and a bond executed by each, with approved security, payable to the State of Indiana, conditioned that such work and allotments would be completed by January 10th, 1883.

Under such sales and allotments, parts of such ditch have been completed and received by the engineer appointed by the county board to superintend such work, the part completed being about one-third of the line of the ditch being constructed by the county board, and all of such ditch has had some work done thereon under such proceedings.

It was also found by the court that the pending ditch proceeding was commenced after the time had elapsed for the completion of the work under such sales by the county auditor, but before such completion, to wit, on April 25th, 1883; that the ditch therein proposed would begin about 1500 feet east of the one then under construction by the county board, and would run directly the entire 1500 feet, to the head of the latter ditch, and would thence follow nearly the course of such ditch, and would be of about the same character and capacity, and its terminus would be different, though not varying materially from the terminus of such ditch; that the ditch being constructed by the county board will, if completed, be of sufficient capacity to drain all the lands that would be drained by the ditch proposed in this cause, except that part east of the beginning of the former ditch, and that that part can as well be drained without interfering with the construction of the first ditch by the county board.

The foregoing is a full statement of the facts specially found by the trial court. Whatever else may be said of those facts, we are clearly of the opinion that, upon the facts found, there can be no other or different conclusion of law than the one stated by the trial court, namely, a finding for the appellees, the remonstrants or defendants below; for it will be observed that the trial court failed to find as facts, " either that the public health will be improved or that one or more public highways of the county, or street or streets of a town or city, will be benefited by the proposed drainage, or that the proposed work will be of public utility." In the absence of an affirmative finding of one or more of these facts, from the special finding of facts, the conclusion of law thereon could not be otherwise than a finding in favor of the appellees and against the appellants. In the trial court appellants did not question the correctness of the special finding of facts, either by a motion for a *venire de novo,* or by a motion for a new trial; and the questions are presented here solely upon their exceptions to the court's conclusions of law. It is settled by

our decisions that, by their exceptions to the conclusions of law, appellants admitted that the facts of this cause were fully and correctly found by the court, but said that the court had erred 'in applying the law to the facts so found in its conclusions of law. *Cruzan* v. *Smith*, 41 Ind. 288; *Robinson* v. *Snyder*, 74 Ind. 110; *Fairbanks* v. *Meyers*, 98 Ind. 92; *Helms* v. *Wagner*, 102 Ind. 385.

We have found no error in the record of this cause..

The judgment is affirmed, with costs.

Filed March 5, 1886.