Collins v. Rupe.

Filed Feb. 1, 1887.

---

No. 12,885.

## COLLINS v. RUPE.

DRAINAGE.—*Petition.*—*Highway.*—*Description.*—A petition for drainage is not bad for merely failing to give the name of the civil township in which a public highway, which it is alleged will be benefited, is situate.

From the Jay Circuit Court.

*J. W. Headington, J. J. M. LaFollette* and *J. F. LaFollette,* for appellant.

*T. Bosworth* and *O. H. Adair,* for appellee.

MITCHELL, J.—This was a proceeding in the Jay Circuit Court, under the act of March 8th, 1883, for the establishment of a public drain.

The proceedings are challenged on the ground that the petition was insufficient. The petition alleged, among other things, that a public highway running east and west between sections thirty and thirty-one, in township twenty-two north, of range fourteen east, would be benefited by the proposed drain.

The only objection suggested to the petition is, that it fails to give the name of the civil township in which the public highway, which, it is alleged, would be benefited, is situate.

There is no substantial merit in this objection. The public highway, to which it is alleged benefits will accrue, is described in the petition, and the number of the township in which the highway is situate is therein given.

The statute requires a description, together with the names of the owners, of lands to be affected by the drain to be set out in the petition. It also provides what shall be a sufficient description of the right of way of any railroad company believed to be affected by the proposed drain. It then provides that the petition shall also state " that in the opinion of the petitioners or petitioner either that the public health will be improved or that one or more public highways of the county " will be benefited by the proposed drainage, or that the work proposed will be of public utility.

The statement concerning the benefit to public highways, is not required to be set out, with a view of imposing a charge upon the township, but is one of the several averments, indicating the public utility of the work, necessary to give the court jurisdiction. Unless the petition states either that the work proposed will improve the public health, benefit one or more public highways of the county, or be of public utility, it can not be entertained. *Bass* v. *Elliott*, 105 Ind. 517.

The petition in question states that the proposed work will improve the public health, benefit a highway described as above, and that it will be of public utility. It was, therefore, sufficient, without giving the name of the civil township as contended for.

After the commissioners of drainage, to whom the matter was referred, made their report, the appellant remonstrated, assigning as cause that the report of the commissioners was contrary to law, that the assessments against the lands of the remonstrants were too high, and that the proposed drain would neither improve the public health, benefit one or more public highways of the county, nor be of public utility.

Upon the hearing the court confirmed the assessments as

made, and found and adjudged that the proposed drain would improve the public health, and would be of public utility.

It is now contended that the finding and judgment are not sustained by sufficient evidence. The evidence, it is said, fails to show that the highway described in the petition would receive any substantial benefit. The report of the drainage commissioners only assessed the sum of two dollars benefits to the highway against the township.

Upon examination we find evidence tending to show that the proposed drain would carry off water from the vicinity of a public school-house, and that it would improve the public health and be of public utility. This supports the finding and judgment below.

The judgment is affirmed, with costs.

Filed Feb. 1, 1887.