Turner, Sheriff, *v.* Conkey.

---

No. 16,442.

## TURNER, SHERIFF, *v.* CONKEY.

CHANGE OF VENUE.—*Collateral Attack on Judgment for Refusal to Grant.*—A judgment can not be successfully attacked collaterally for a wrongful refusal to grant a change of venue. The judgment is not void.

HABEAS CORPUS.—*Review of Magistrate's Decision Holding Prisoner in Custody.*—If the committing magistrate has jurisdiction to order a person accused of crime into custody, a writ of *habeas corpus* will not issue to secure his release.

SAME.—*Collateral Attack on Justice's Judgment.*—The judgment of a justice of the peace holding a prisoner in custody for trial can not be assailed upon a petition for a writ of *habeas corpus.* *Smelzer* v. *Lockhart,* 97 Ind. 315, overruled.

From the Lake Circuit Court.

*W. C. McMahan,* for appellant.

*W. B. Reading,* for appellee.

ELLIOTT, J.—The appellant prosecutes this appeal from a judgment rendered upon a petition for a *habeas corpus* filed

by the appellee. The material facts stated in the petition are, in substance, these : The petitioner was arrested upon a charge of felony, and taken before a justice of the peace for a preliminary hearing. The justice of the peace over-ruled a motion for a change of justices, and, upon a hearing, decided against the petitioner, and required him to give bail to answer the charge preferred against him. The petitioner failed to give bond, and he was committed to the custody of the appellant, who is the sheriff of Lake county. The appellant unsuccessfully moved to quash the writ, and reserved proper exceptions.

We may say, at the outset, that we do not deem it necessary to decide the question as to the right of an accused to have a change of justices in such a case as this, and we direct our decision to other questions.

The petition charges that the restraint is illegal because of the refusal of the justice to grant the change asked by the petitioner. The question presented is one of jurisdiction. If the filing of the affidavit and the request for the change completely defeated jurisdiction, the commitment was void, and the petitioner entitled to the writ. If, however, there was jurisdiction, the petitioner was not entitled to the writ, no matter how flagrant or palpable the error of the justice of the peace in denying the change for which the petitioner applied. The rule everywhere prevailing is that if there is jurisdiction to adjudge a petitioner to the custody from which he seeks to be released, the writ will not issue. *Holderman* v. *Thompson*, 105 Ind. 112 ; *Lowery* v. *Howard*, 103 Ind. 440 ; *Smith* v. *Hess*, 91 Ind. 424 ; *In re Luis Oteizay Cortes*, 136 U. S. 330 ; *Stevens* v. *Fuller*, 136 U. S. 468 ; *People, ex rel.*, v. *Liscomb*, 60 N. Y. 559 (19 Am. R. 211) ; *Ex parte Miller*, 82 Cal. 454. In the case of *Willis* v. *Bayles*, 105 Ind. 363, this general doctrine was applied to the judgment of a a justice of the peace. The cases of *In re Luis Oteizay Cortes, supra, Stevens* v. *Fuller, supra,* involved the validity of proceedings before a United States commissioner,

and the general rule we have stated was approved and enforced. In the cases of *People, ex rel.*, v. *St. Dominick*, 34 Hun, 463, *Bennac* v. *People*, 4 Barb. 31, and other cases cited in the first named case, the judgments called in question were those of inferior statutory tribunals.

If the judgment indirectly assailed by the petition had been a final one, there could be no doubt that if there was jurisdiction to enter it the assault would fail, since, as the cases all agree, where the inferior tribunal has jurisdiction, its judgments can not be collaterally assailed. We can conceive no reason why a different rule should apply to a case where the authority of the inferior tribunal is to hold an accused to bail and in default of bail commit him to the custody of the proper officer of the law. It can make no difference so far as the mere question of holding in custody is concerned whether the judgment is a final one entered upon a regular trial or is a judgment rendered upon a preliminary examination, for if there is power to give the judgment directing the restraint the judgment can not be void.

The statute invests justices of the peace with general authority to conduct preliminary examinations and to recognize accused persons to the court clothed with criminal jurisdiction. The authority is extended over a general subject, and in this instance the assumption of jurisdiction was legal, and there was no judgment beyond that jurisdiction; that is, there was no excess of jurisdiction. Our decisions affirm that where there is general jurisdiction of a subject, although that jurisdiction is vested in an inferior tribunal, there can be no collateral attack. *Jackson* v. *Smith*, 120 Ind. 520, and cases cited; *Alexander* v. *Gill*, 130 Ind. 485. *Chicago, etc., R. W. Co.* v. *Sutton*, 130 Ind. 405, and cases cited. See, also, authorities cited in Elliott's App. Proc. sections 501, 503. The presence of authority to proceed in the particular case is jurisdiction. Elliott's App. Proc. sections 12, 499. The record in the case before us shows that there was power to proceed, for the law invested the inferior trib-

unal with authority over the class of cases to which the case of the petitioner belongs. As there was such authority, the tribunal was empowered to decide all questions that arose in the particular case, and that power is not affected by the correctness or the incorrectness of the decisions. *Snelson* v. *State,* 16 Ind. 29. See authorities cited in Elliott's Appellate Procedure, section 715, n. 3. As the sufficiency of an affidavit for a change of venue, as well as the question as to the time of filing and the like, are questions of procedure, it seems clear that such questions must be decided by the tribunal which rightfully entered upon the hearing of the case, and that whether such questions are rightly or wrongly decided does not affect the question of jurisdiction. A wrong decision may constitute error, but it does not destroy jurisdiction. It is quite clear that the refusal of a judge of a superior court to call in another judge does not destroy jurisisdiction, although it may be a palpable wrong entitling the injured party to relief in a direct attack. There is no valid reason why the same rule should not apply to an inferior tribunal invested with authority over the general class of cases of which the particular case is a member. Mischievous consequences must necessarily result from the doctrine that a refusal to grant a change of justices, or of venue, takes away all jurisdiction and makes the proceeding void. If there is no jurisdiction, and the proceedings become absolutely void, then the officers would be liable to a civil action. This would be especially unjust to the ministerial officer who executed the process, and unjust to the judicial officer who errs in denying the application. In the case of *State, ex rel.,* v. *Wolever,* 127 Ind. 306, the principle that where there is jurisdiction of a class of cases vested in any judicial tribunal, superior or inferior, the judgment is not void, although there may be a palpable error in denying an application for a change of venue, is laid down, and that is the principle which underlies the case we have in hand. It is proper to say of the opinion in that case that it is apparent that the

word "must" employed in the second paragraph on page 318 should be " may," for the context shows this, as does the criticism upon the cases of *Krutz* v. *Howard,* 70 Ind. 174; *Dietrichs* v. *Schaw,* 43 Ind. 175; *Barkeloo* v. *Randall,* 4 Blackf. 476. It is probable that the error is due to a mistake in proof reading, but however this may be, it is evident that the general tenor of the opinion discloses the error. It is also true that the reading we have suggested is necessary to bring the opinion into harmony with the decisions in such cases as *Alexander* v. *Gill, supra; McLaughlin* v. *Etchison,*127 Ind. 474; *Reed* v. *Whitton,* 78 Ind. 579; *McCoy* v. *Able,* 131 Ind. 417; *Perkins* v. *Hayward, ante,* p. 95. An application for a writ of *habeas corpus* is, in such a case as this, a collateral attack, and to hold that an intermediate wrong ruling, however material or palpable, subjects the judgment assailed to question would be to violate the rule laid down in the cases cited, as well as in a very great number of other cases. *Hume* v. *Conduitt,*76 Ind.598; *Brown* v. *Eaton,* 98 Ind. 591; *Loesnitz* v. *Seelinger,* 127 Ind. 422, and cases cited; *Goodell* v. *Starr,* 127 Ind. 198, and cases cited; *Harrod* v. *Dismore,* 127 Ind. 338; *Bass* v. *City of Fort Wayne,* 121 Ind. 389, and cases cited; *Montgomery* v. *Wasem,* 116 Ind. 343, and cases cited. See, also, authorities cited in Elliott's Appellate Procedure, section 171. The principle that intermediate errors of an inferior tribunal does not so destroy jurisdiction as to make the judgment void has often been applied to the judgments of committing magistrates. In *Merriman* v. *Morgan,* 7 Oregon, 68, it was held that in applications for *habeas corpus* the court can only consider matters affecting the jurisdiction, and in the course of the opinion it was said : " The most that the court could have done in this *habeas corpus* case was to examine the warrant of commitment and the proceedings of the magistrate, so far as to see. if he had jurisdiction of the subject matter on which he founded judgment." The court adopted as a correct exposition of the law, from the opinion *In re Prime,* 1 Barb. 340, this statement : " We can not inquire into

the technicalities or the strict regularity of the proceedings. This writ is not intended to review the regularity of proceedings in any case, but rather to restore to his liberty the citizen who is imprisoned without color of law." Pausing here to add a word of comment, we may say that in this instance there was much more than "color of law;" for here there was full jurisdiction of the general subject and of the person, as to these matters there is no infirmity or defect. If there be any infirmity or defect it was in ruling improperly and erroneously upon an intermediate motion. In the case of *In re Eldred,* 46 Wis. 530, an order of arrest was issued by a magistrate, and the party arrested applied for a writ of *habeas corpus,* and it was held that he was not entitled to the writ. The opinion of the court was delivered by Ryan, C. J., who said, in speaking of the writ of *habeas corpus,* that "The latter writ, in such a case, raises only the question of jurisdiction of the court or officer to issue the process of arrest." This we regard as a correct statement of the law applicable to committing magistrates as well as to inferior tribunals empowered to enter final judgments, and we adjudge that it governs this case.

We have given this case a more extended consideration than we should have felt it necessary to do if it were not for the decision in the case of *Smelzer* v. *Lockhart,* 97 Ind. 315, which asserts a doctrine different from that here laid down. There is not a single authority adduced in support of the conclusion there declared, nor is there any extended line of reasoning. The question is disposed of in a few sentences. The reason given for the conclusion there asserted is that the duty to grant a change is an imperative one. This we should not regard as a sufficient reason if there were no opposing decisions, although if there were no such decisions we might feel bound to yield to the case referred to under the rule *stare decisis.* There are, however, such decisions, and either these decisions or that under immediate mention must fall. It is true of every case where a justice of the peace is called on to rule upon a sufficient affidavit for a

change of venue, or a plea to his jurisdiction or the like, that it is his imperative duty to do what the law requires, yet if he does not do what it is his duty to do jurisdiction is not affected, provided, of course, it once fully attached. The duty in *McLaughlin* v. *Etchison, supra,* was even more clearly imperative than it was in this, and yet it was held, in accordance with the authorities, that the judgment of the justice of the peace could not be successfully assailed by an application for a writ of *habeas corpus.* But we need not particularize the cases which oppose *Smelzer* v. *Lockhart, supra,* for it is enough to affirm that it is contrary to all our well considered cases upon the subject of collateral attack. It has been in effect, although not in direct terms, overruled by more recent decisions.

Judgment reversed.

Filed Sept. 17, 1892.