### SMITH v. AMISS, TRUSTEE.

[No. 4,292.   Filed February 26, 1903.]

VENUE.—*Judge Related to Party in Interest.*—Where in an action by an improvement company on a promissory note, it appeared that a son of the judge was a member of the company, although not a party named in the action, defendant was entitled to a change of venue, under the second clause of §416 Burns 1901.   *p. 532.*

SAME.—*Counter-Affidavits.*—Where an affidavit is filed for a change of judge on the ground of relationship of the judge, counter-affidavits are not admissible to disprove the charge.   *p. 533.*

SAME.—*Delay.—Waiver.*—Where in the trial of an action by a company on a promissory note the evidence disclosed that one of the members of the company was a son of the judge, and no change of venue was asked therefor until four days thereafter, when the court had rendered a decision for plaintiff, the defendant thereby waived his right to a change, no excuse being shown for the delay.   *p. 534.*

From Huntington Circuit Court; *J. C. Branyan,* Judge.

Action by Joseph G. Amiss against Mahlon F. Smith. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*A. G. Johnson* and *T. J. Smith,* for appellant.
*R. A. Kaufman,* for appellee.

ROBINSON, J.—Appellee recovered a judgment against appellant on certain notes. Appellant's second paragraph of amended answer to which a demurrer was sustained, contained substantially the same facts as his cross-complaint, to which a demurrer was overruled. The court found the facts specially. No attempt has been made to bring the evidence into the record.

Appellee and others interested in establishing a factory at the city of Huntington platted adjoining land into town lots. This land was separated from the termini of certain streets in the city by an unplatted tract about forty rods wide over which appellee and others had no control. With knowledge of this, appellant subscribed for a lot, agreeing to pay $200 therefor,—one-third cash at date of deed, the balance in two equal payments, at one and two years. Relying upon representations made that the improvement company, of which appellee is trustee, would open the streets of the city through this strip of land, and into the platted land, without cost to him, appellant agreed, in writing, to purchase a certain lot, but it is found that the parties making such representations and promises had no authority to make them. Afterwards appellant paid to appellee $66.66, and executed two notes May 7, 1896, for like amounts, obtained from appellee a deed conveying to him the lot in fee, and executed a mortgage on the lot to secure the notes. Appellant retained the deed until January 24, 1901, when he tendered a reconveyance, which was refused. The intrinsic value of the lot at the time of the conveyance was $40. The streets have not been changed since the time of the subscription and the execution of the deed, notes, and mortgage. The court found the aggregate amount due on the notes in principal, interest, and attorney's fees, and stated as a conclusion of law that appellee ought to have judgment for that amount.

Appellant subscribed for a lot, and agreed to pay a certain price for it, upon representations made by parties having no authority to make such representations. There is no showing that appellee or the improvement company was in any way responsible for these representations. It does not appear that there was any mutual mistake, or that any fraud or deception was practiced by appellee, or by the improvement company. After appellant subscribed for the lot, he paid the cash and executed the notes for the lot, and

accepted a deed which he retained for several years. Whether the finding upon these questions is supported by sufficient evidence is not presented, as no effort has been made to bring the evidence into the record.

After the cause was submitted to the court for trial, and the evidence heard, and the special finding of facts and conclusion of law signed by the judge, had been read in open court, appellant filed a verified motion to withdraw the submission of the cause from the trial judge, "and venue the same to some other judge, for the reason that said judge is related to one of the parties interested in said cause within the prohibited degree, in this, to wit: the evidence submitted in said cause disclosed the fact that Everett C. Branyan was and is a member of the Huntington Land & Improvement Company, which company, by and through its trustee Joseph G. Amiss, is the plaintiff in this case, and said company and said trustee being the payees of the notes in suit, and the said Everett C. Branyan is a son of said judge. Defendant further says that he did not know of the existence of such relationship until the evidence disclosed the same upon the trial." Counter-affidavits by Amiss and Branyan were filed, to the effect that Branyan had no interest whatever in the improvement company or the notes when the suit was filed, and has had no interest in either since that time. A motion to reject the counter-affidavits and the motion to withdraw the submission were overruled.

Although the affidavit does not show that the party bearing the relationship charged is a party named in the action, yet it does appear that he is a party in interest. It is clear that if all the members of the company bore the relationship charged the case presented would be within the intent and purpose of the statute. If he is a member of the improvement company, the notes being payable to the company, the case falls within the second clause of §416 Burns 1901.

In *Witter* v. *Taylor,* 7 Ind. 110, it is held that where an affidavit is filed for a change of venue because the judge had been engaged as counsel for the plaintiff, counter-affidavits were not admissible, nor could the personal knowledge of the judge in relation to the facts sworn to be allowed to affect the application. *Shattuck* v. *Myers,* 13 Ind. 46, 74 Am. Dec. 236.

The same reasoning that would hold counter-affidavits inadmissible in *Witter* v. *Taylor,* *supra,* would apply in the case at bar. It would be no more difficult to establish by counter-affidavits the negative of the charge that the judge had been counsel for one of the parties, than to disprove the charge that the judge was of kin to one of the parties. It has often been held that where an affidavit is filed for a change of judge on account of his bias, prejudice, or interest, the court below has no discretion but must grant the change. *Shattuck* v. *Myers, supra; Goldsby* v. *State,* 18 Ind. 147; *Duggins* v. *State,* 66 Ind. 350; *Krutz* v. *Griffith,* 68 Ind. 444; *Krutz* v. *Howard,* 70 Ind. 174; *Shoemaker* v. *Smith,* 74 Ind. 71; *Burkett* v. *Holman,* 104 Ind. 6; *Moore* v. *Sargent,* 112 Ind. 484; *Bernhamer* v. *State,* 123 Ind. 577; *McClelland* v. *Bristow,* 9 Ind. App. 543. See *Brow* v. *Levy,* 3 Ind. App. 464.

And where a rule of court, reasonable within itself, and not contrary to any statute, requires an application for a change of venue to be made within a certain time, an application made after the time should be granted, where it appears that knowledge of the cause for which the change is asked did not come to the applicant until after the time limited by the rule; and in such case the applicant need not show diligence, before the time limited by the rule, to ascertain the cause for which the change is asked. *Ogle* v. *Edwards,* 133 Ind. 358; *Spencer* v. *Spencer,* 136 Ind. 414.

In *Fisk* v. *Patriot, etc., Turnpike Co.,* 54 Ind. 479, an application by appellants for injunction, after the court had adjudged that the appellees be enjoined and restrained ac-

cording to the prayer of the complaint until the further order of the court, appellants filed an affidavit for a change of judge because of his bias and prejudice. Before passing upon the application, for reasons stated, the court, of its own motion, dissolved the temporary restraining order. The case was reversed upon the ground that it was the imperative duty of the court to grant the change as prayed.

Had the application for the change in this case been made at the time the cause for the change was discovered, or as soon thereafter as it reasonably could have been made, it should have been granted. But it appears that the evidence upon the trial disclosed the relationship. The evidence was heard on the 28th day of January, 1901, and the cause taken under advisement until February 2, 1901, at which time the special finding of facts and conclusions of law were read in open court. On February 5, 1901, appellant filed his affidavit for a change. There was ample time after the discovery of the fact to have asked for the change before the court read its finding in the case. No excuse whatever is given for the delay. If appellant, having ample opportunity to ask for the change, chose not to do so until the court had decided the case, he must be held to have waived his right to ask for the change. By his conduct he gave his implied consent that the judge might try the case.

Judgment affirmed.