## STOCKTON ET AL. v. HAM ET AL.

[No. 22,011.   Filed June 26, 1913.   Rehearing denied
December 17, 1913.]

1. DRAINS.—*Proceedings to Establish.—Objections to Commissioner.—Requisites.*—Under §6142 Burns 1908, Acts 1907 p. 508, providing for objections as to why a drainage commissioner, on account of his interest in the work, or kinship to any person, should not act in the matter, an objection to any such commissioner should aver some traversable fact showing interest or kinship, and an objection reciting merely that it is made "on account of interest, bias, and prejudice" is not sufficient. p. 630.

2. DRAINS.—*Proceedings to Establish.—Motion for Change of Venue.—Striking from Files.—Appointment of Commissioners.*— The action of the trial court in a drainage proceeding in striking from the files an affidavit and motion for change of venue from the judge, and also its action in thereafter appointing drainage commissioners in the proceeding, although not rendering the subsequent proceedings void, was erroneous, and will be deemed prejudicial in the absence of a contrary showing. p. 630.

3. DRAINS.—*Proceedings to Establish.—Review.—Harmless Error.*—Under §6148 Burns 1908, Acts 1907 p. 508, §8, providing that no person shall be permitted to take advantage of any error, defect or informality unless directly affected thereby, persons who failed to remonstrate against the construction of a drain and against the report of the drainage commissioners, will be deemed not harmed by error of the trial court in striking from the files their motion for a change of venue from the judge. p. 631.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by Frank B. Ham and others against Almira M. Stockton and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Dunlap & Parkinson,* for appellants.
*Abraham Halleck,* for appellees.

MORRIS, J.—Action by appellees against appellants, to establish a public drain. The cause was docketed, under the provisions of §3 of the act of 1907 (Acts 1907 p. 508, §6142 Burns 1908), on December 10, 1910, the last day of

the pending term of court. On that day, after the docketing of the cause, appellants filed a motion to quash the summons, which was correctly overruled. They also filed an affidavit for a change of judge under subd. 7, §422 Burns 1908, §412 R. S. 1881, and a verified motion in which it was alleged that one Osborne, the county surveyor, *ex officio* drainage commissioner, should not be permitted to view or assess the lands described in the petition, "on ac-. count of interest, bias, and prejudice of said Osborne in said proceedings, and against these affiants, which bias and prejudice and interest these affiants say exist, as they are informed, and verily believe." Neither of the last-mentioned motions was acted on at that time, and the cause was continued until the succeeding (February, 1911), term of court. At the next term, on February 25, 1911, the motion for a change of judge was stricken from the files, for the reason as shown by the record, that appellants have no "remonstrance on file." The proper exception was reserved. The motion in relation to the surveyor was overruled, and exception reserved, and over appellants' objections, the petition was referred to the surveyor and two other drainage commissioners, appointed by the court, to make a report thereon, pursuant to §6142 Burns 1908, Acts 1907 p. 508.

The drainage commissioners filed their report on March 4, and, on March 14, appellants filed what purported to be a remonstrance, in which it was merely alleged that the commissioners' report was void because of the preceding action of the court in striking from the files, the motion for a change of judge, and the said motion in relation to the surveyor. On April 12, 1911, the regular judge, "by reason of the affidavit for change of venue from the court" theretofore filed by appellants, declined to further act in the cause, and appointed a special judge who qualified and proceeded to hear and determine the matters in issue, and ordered the ditch established. Appellants filed a motion for a new trial, which sets out the motion for a change of

judge, and that in relation to the surveyor, and the court's action thereon, and assign the latter as reason for a new trial. . This motion was overruled, and proper exceptions reserved. Appellants filed no demurrer, objection or remonstrance, except as above indicated.

It is claimed by appellees that appellants were not harmed by the action of the court in overruling the motion relating to the surveyor, because no fact was alleged in the

1.  motion which challenged the competency of the surveyor to act as one of the drainage commissioners. The statute provides for "objection * * * as to why said drainage commissioner * * * on account of * * * interest in said work, or kinship to any person * * * should not act in the matter." §6142 Burns, *supra.* It contemplates the averment of some traversable fact, showing interest or kinship. No such fact was stated, and the court did not err in overruling the motion.

The court did err in striking from the files the motion for a change of judge. The motion should have been granted, and, in appointing the drainage commission-

2.  ers, after such motion was filed, the court acted erroneously, and, ordinarily, such action would be deemed prejudicial; but appellees contend that such error was harmless, because appellants never remonstrated against the construction of the drain, under the provisions of §6142 Burns, *supra,* nor did they remonstrate against the report of the commissioners, as provided by §6143 Burns 1908, Acts 1907 p. 508. Appellants evidently proceed on the theory that the error in refusing the change of judge, made all the subsequent proceedings in the cause void. In *Smelzer* v. *Lockhart* (1884), 97 Ind. 315, it was held that all proceedings had by a justice of the peace in a cause after the presentation of a proper affidavit for change of justice, were absolutely void, but this case was expressly overruled in *Turner* v. *Conkey* (1892), 132 Ind. 248, 31 N. E. 777, 17 L. R. A. 509, 32 Am. St. 251, and in the course of the

opinion it was said: "A wrong decision may constitute error, but it does not destroy jurisdiction. It is quite clear that the refusal of a judge of a superior court to call in another judge does not destroy jurisdiction, although it may be a palpable wrong entitling the injured party to relief in a direct attack. There is no valid reason why the same rule should not apply to an inferior tribunal." See, also, *Peters* v. *Koepke* (1901), 156 Ind. 35, 59 N. E. 33. Here the attack is direct, and the error in refusing to grant the change will be deemed prejudicial in the absence of a contrary showing.

Appellants took no steps provided by the drainage act that would entitle them to any relief. The court had jurisdiction of the appellants and the subject-matter.

3. Notwithstanding the palpable error of the court, in refusing to call another judge before the drainage commissioners were appointed, appellants filed no remonstrance against their report, which, if deemed injurious, they had the right to do. In *Goodrich* v. *Stangland* (1900), 155 Ind. 279, 58 N. E. 148, where a defendant in a drainage proceeding had filed no remonstrance within the statutory period, it was held not reversible error to overrule a motion for a change of judge, because "The appellant had no standing in court." Section 8 of the act (§6148 Burns 1908, Acts 1907 p. 508) provides that no person shall be "permitted to take advantage of any error, defect, or informality, unless the person complaining thereof is directly affected thereby." Appellants were not injured by any erroneous ruling of the court, as shown by the record, and rely entirely on mere technical defects, which this court, on appeal, must disregard. §§6148, 700 Burns 1908, Acts 1907 p. 508, §658 R. S. 1881.

Judgment affirmed.

Erwin, J., dissents.

## DISSENTING OPINION.

ERWIN, J.—I find myself unable to agree with the court in its opinion in this case. In this cause the record discloses that a petition for drainage was filed by appellees, in which appellants were made parties. After the docketing of the case, and before any steps were taken in the cause, a motion, supported by affidavit was filed by appellants, asking for a change of judge, which motion, after other proceedings were had by the judge from whom the change was asked, was stricken from the files, for the reason that appellants had filed no remonstrance, and therefore had tendered no issuable facts and that the record discloses that appellants were not injured by the action of the court in not granting a change of venue. In the opinion this court cites *Turner* v. *Conkey* (1892), 132 Ind. 248, 31 N. E. 777, 17 L. R. A. 509, 32 Am. St. 251. In that case there was an attempt to attack the judgment collaterally, and it was held that the judgment was not void. In the opinion in this case this court holds that the refusal to grant the change will be deemed prejudicial, in the absence of a contrary showing.

It seems to me that the holding of this court on that point is an effort to legislate into the statute the right of this court, and necessarily of the trial court, to adjudicate, by adverse proceedings the question of whether a judge from whom a change of venue is asked is, or is not, biased or prejudiced against the party asking the change. The statute authorizing a change of judge reads as follows:

"The court in term, or the judge thereof in vacation *shall* [our italics] change the venue of any civil action, upon the application of either party, made upon affidavit, showing one or more of the following causes: * * * *Seventh.* When either party shall make and file an affidavit of the bias, prejudice, or interest of the judge before whom the said cause is pending." §422 Burns 1908, §412 R. S.

1881. This statute is mandatory and cannot be disregarded, and when the proper affidavit is filed for a change of judge it must be granted. *Manley* v. *State* (1875), 52 Ind. 215; *Fisk* v. *Patriot, etc., Turnpike Co.* (1876), 54 Ind. 479; *Duggins* v. *State* (1879), 66 Ind. 350; *Krutz* v. *Howard* (1880), 70 Ind. 174; *Burkett* v. *Holman* (1885), 104 Ind. 6, 3 N. E. 406; *Smith* v. *Amiss* (1903), 30 Ind. App. 530, 66 N. E. 501.

No court has any right to disregard the statute, and then insist that notwithstanding the fact that an affidavit discloses that the court is prejudiced, yet the petitioner was not injured. The appellants were made parties to the proceedings, were assessed for the construction of the drain and were injured in that they were deprived of the right of having their cause submitted to an impartial tribunal. This was no collateral attack on the proceedings, but appellants have taken the only means in their power to present the matter for review. The law does not require a litigant to do useless and unnecessary things to protect his rights. The making of issues by a remonstrance, and a trial before a judge who was biased and prejudiced against appellants as shown by the affidavit filed for a change, and the facts therein set out not being controverted, as they cannot be, is worse than a farce; and the statute requiring judges, on proper application, to change the venue of a cause would be rendered nugatory and worse than useless. This statute being mandatory, no court has a right to disregard it. The very fact that the trial court struck the affidavit for a change of judge from the files is conclusive proof that he was unwilling to grant appellants the right due them under the law, and justified the filing of the motion for the change.

It is my opinion that where the proper motion, for change of venue, supported by affidavit, is filed by a party to the record, that any other or further action by the trial judge, from whom a change is asked, is void, as against a direct

attack, with the bare exception of calling and appointing another judge to try the cause. In holding that it was not error not to grant a change of venue, upon the affidavit filed in this case, by appellants, there should be a rehearing granted and this cause reversed.

NOTE.—Reported in 102 N. E. 378, 103 N. E. 482. See, also, under (1) 14 Cyc. 1036; (3) 14 Cyc. 1045.

[No. 22,053. Filed July 2, 1912. Rehearing denied December 17, 1913.]