STATE OF INDIANA, EX REL. WHEELER *v.* LEATHERS, JUDGE.

[No. 24,923. Filed December 15, 1925.]

1. PROHIBITION.—*Writ may be issued by Supreme Court, but not to control or review judicial action.*—While the Supreme Court is authorized to issue writs of prohibition confining subordinate courts "to their respective lawful jurisdictions" (§1244 Burns 1926, §1224 Burns 1914), the writ will not issue to control judicial action or be made to serve the purpose of an appeal or writ of error in reviewing a judicial decision. p. 100.

2. JUDGES.—*Proper application for change of judge because of bias or prejudice, timely made, imposes mandatory duty to grant the change, no issue of fact being involved.*—A proper application for a change of judge, because of bias or prejudice, timely made, involves no issue of fact to be determined or matter calling for the exercise of judicial discretion, but imposes a mandatory duty on the court in term or the judge in vacation to grant the change. p. 100.

3. JUDGES.—*Fact that a proceeding is special does not preclude change of judge.*—The mere fact that a proceeding is a special statutory one does not necessarily preclude a change of judge. p. 102.

4. ACTION.—*Special proceeding for assessment of benefits from sewer construction constitutes civil action.*—The special proceeding for the assessment of benefits from the construction of a sewer as provided by §10721 Burns 1926, §8729 Burns 1914, is within the statute defining a civil action (§256 Burns 1926, §249 Burns 1914). p. 102.

5. PROHIBITION.—*Application for change of judge in special statutory proceeding under §10721 Burns 1926 involves judicial action and precludes the issue of such writ.*—An application for a change of judge in an appeal from an assessment of benefits from the construction of a sewer, as provided by §10721 Burns 1926, §8729 Burns 1914, involves judicial action

on the part of the judge so that a writ of prohibition will not issue from the Supreme Court to control his action thereon. p. 103.

6. MUNICIPAL CORPORATIONS.—*Appeals from assessments against lands outside a city constructing, a sewer under §10721 Burns 1926 must be conducted in accordance with drainage statute.*— Under the provisions of §10721 Burns 1926, §8729 Burns 1914, an appeal from an assessment against a tract of land outside the city making the sewer improvement must be conducted in the manner provided for taking appeals in drainage proceedings (§6174 Burns 1926, §6143 Burns' Supp. 1921). p. 103.

7. DRAINS.—*Drainage proceeding is in the nature of a civil action and the Civil Code supplies omissions in the statute regulating, the procedure.*—A drainage proceeding is in its nature a civil action, and the Civil Code applies to supply omissions in the statute regulating the procedure. p. 104.

8. PROHIBITION.—*Writ is an extraordinary, one, and will not issue to control judicial discretion or in determining, some matter involving, judicial action.*—A writ of prohibition is an extraordinary writ which issues only to confine a subordinate court to its jurisdiction and will not issue to control it in the exercise of a judicial discretion or in determining some matter involving judicial action. p. 105.

Original proceeding in the Supreme Court by Altie G. Wheeler asking a writ of prohibition against James M. Leathers as special judge of the Marion Circuit Court, prosecuted in the name of the State of Indiana on the relation of said Wheeler, as required by the statute (§1244 Burns 1926, §1224 Burns 1914), and to which the city of Indianapolis was made a defendant. A temporary writ issued, but, on motion to dissolve the writ, the petition was denied.

*Watson & Esarey,* for appellant.
*William Bosson,* for appellees.

MYERS, J.—This is an original action brought in this court for a writ of prohibition (Acts 1915 p. 207, §1, §1244 Burns 1926, §1224 Burns' Supp. 1921) against the Honorable James M. Leathers as Special Judge of the Marion Circuit Court, praying that he "be restrained from further sitting and acting as such Spe-

cial Judge * * *," except to sustain relator's motion for a change of venue in a cause pending in the Marion Circuit Court on appeal by relator from an improvement assessment made against her real estate.

From the complaint it appears that on August 31, 1921, the board of public works of the city of Indianapolis, pursuant to the provisions of §1, Acts 1909 p. 238, §10721 Burns 1926, §8729 Burns 1914, adopted a resolution for the construction of a sewer partly within and partly without the corporate limits of the city of Indianapolis. On September 7, 1921, the board of works filed in the Marion Circuit Court a copy of all proceedings had in the matter of the improvement, including a list of all persons, among whom was this relator, whose property would be thereby affected. Thereafter, such proceedings were had that on April 15, 1922, the board of assessors, appointed October 22, 1921, filed their report assessing benefits and damages to the lots and land affected by the proposed improvement, which included an assessment of benefits against the relator's seventy-acre tract of farm land without the corporate limits of the city of Indianapolis. Within fifteen days thereafter, relator appealed from the assessment so made against her real estate, assigning thirteen reasons why the assessment should be canceled and stricken out, and that she be awarded damages. Thereupon, the regular judge of the Marion Circuit Court, on his own motion, vacated the bench and the defendant Leathers was appointed and qualified as special judge and assumed jurisdiction of the proceedings. On April 7, 1925, relator, in the Marion Circuit Court, filed her affidavit and application for a change of venue from the defendant Leathers on the ground that she could not have a fair and impartial trial on account of his bias and prejudice against her. This motion and application for a change of judge was overruled on April

9, 1925, for the reason then and there stated "that a change of venue was not demandable in said cause and that he (Leathers) could not be ousted of his jurisdiction therein," and that he would try the cause beginning April 13, 1925.

The complaint also shows that the relator would be subjected to a large and useless expense in the trial of the cause, which cannot be taxed as costs, and that she has no other adequate remedy at law for the removal of the defendant who is proposing to preside at the trial.

This court, upon the facts disclosed by relator's verified complaint, issued a temporary writ as prayed until its further order. Thereafter, the defendants, Leathers and the city of Indianapolis, appeared and, by motion to dissolve the writ, challenged the complaint as upon demurrer for want of facts. Therefore, the question upon the complaint is: Shall the writ be made permanent?

The second proviso of the statute upon which the complaint at bar rests clearly authorizes this court to issue writs of mandate to compel courts therein

1. named to perform "any duty enjoined upon them by law," and to issue writs of prohibition confining such courts "to their respective lawful jurisdictions." However, it must be kept in mind that these writs will not issue to control judicial action, or be made to serve the purpose of an appeal or a writ of error in reviewing or reversing a judicial decision. *State, ex rel., v. Williams, Judge* (1918), 187 Ind. 89, 118 N. E. 564.

Relator, it is admitted, by an unquestioned affidavit, timely filed, sought a change of judge under subdv. 7,

2. §442 Burns 1926, §422 Burns 1914, §412 R. S. 1881. The cause thus seasonably invoked for a change involved no issue of fact to be determined

or matter calling for the exercise of judicial discretion. The language of this statute, "shall change the venue" in all civil actions, is an arbitrary mandate or duty imposed by law on the court in term or the judge thereof in vacation to grant the change. *Fisk* v. *Patriot, etc., Turnpike Co.* (1876), 54 Ind. 479; *Krutz* v. *Howard* (1880), 70 Ind. 174; *Burkett* v. *Holman* (1885), 104 Ind. 6, 3 N. E. 406; *Shaw* v. *State* (1925), 196 Ind. 39, 146 N. E. 855; *Federal Cement Tile Co.* v. *Korff* (1912), 50 Ind. App. 608, 97 N. E. 185.

If we were to stop here, there might be reason for saying that, upon the filing of the affidavit of bias and prejudice, it became the duty of the judge to pronounce the judgment of the law, upon the theory of an express duty enjoined upon him by law, and not upon the assumption that the court lost jurisdiction to proceed further in a cause over which jurisdiction of the subject-matter and of the person is not otherwise questioned. *State, ex rel.,* v. *Wolever* (1891), 127 Ind. 306, 318, 26 N. E. 762; *Turner, Sheriff,* v. *Conkey* (1892), 132 Ind. 248, 251, 31 N. E. 777, 17 L. R. A. 509, 32 Am. St. 251; *Peters* v. *Koepke* (1901), 156 Ind. 35, 39, 59 N. E. 33; *Stockton* v. *Ham* (1913), 180 Ind. 628, 102 N. E. 378.

Appellant has called our attention to *Krutz* v. *Howard, supra; People, ex rel.,* v. *District Court* (1915), 60 Colo. 1, 152 Pac. 149; *State, ex rel.,* v. *Superior Court* (1917), 97 Wash. 358, 166 Pac. 630, L. R. A. 1917F 905, and other cases, which seem to sustain her contention that the improper refusal of a change of venue ousted the court of jurisdiction and hence a writ of prohibition should issue confining the court to its lawful jurisdiction. The statement in the Krutz case on the subject of jurisdiction was made in a cause on appeal from a final judgment, and the thought therein expressed has long since been abandoned in this state.

The Washington case cited was an original action in the Supreme Court for a writ of prohibition, and, in many respects, the facts there were not unlike the case at bar. The writ was allowed, but the court planted its decision upon §1028 of the code of that state, which provided that a writ of prohibition "may be issued * * * in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law." We have no such statute in this jurisdiction. The reasoning in that case, in support of the writ, is quite persuasive, but not sufficient to warrant us in changing the rule so long followed in this state, and which must prevail in the decision of the question now under consideration.

Counsel for respondent Leathers earnestly insist that a change of judge was not demandable in a cause growing out of a special proceeding under a statute, §10721, *supra*, which makes no provision therefor. We may also add that the statute does not forbid a change and is silent on the subject. It is well settled in this jurisdiction that the mere fact that a proceeding is a special statutory one does not necessarily preclude either of the parties thereto from a change of judge. *Bass* v. *Elliott* (1886), 105 Ind. 517, 5 N. E. 663; *Burkett* v. *Holman, supra; Daniels* v. *Bruce* (1911), 176 Ind. 151, 95 N. E. 569; *Thorn* v. *Silver* (1909), 174 Ind. 504, 92 N. E. 161. True, in this case, it appears that the change was demanded as a matter of right in a special statutory proceeding which involved an issue for the protection of a private right and is within the statute defining what shall be denominated a civil action. Acts 1911 p. 415, §256 Burns 1926, §249 Burns 1914.

The complaint at bar discloses the contention of the parties before the trial court on the motion to change

the venue which involved a consideration not alone of §442, *supra,* but §10721, *supra,* as well. If such be the case, it can hardly be said that such consideration did not involve judicial action.

It may be well that we extend this opinion to include our views relative to §10721, *supra,* if for no other purpose than to disclose the questions before the trial judge. The Board of Works of the city of Indianapolis, in compliance with that statute, was engaged in the preliminary work of the proposed sewer located partly within and partly without the corporate limits of the city, and had reached the stage marked by the board of assessors filing their report showing the assessed benefits against each piece of property to be benefitted and awarding damages to each piece of property injuriously affected by the proposed improvement. By this report, relators' land, wholly outside of the city limits, was assessed benefits, and from the assessment she appealed. The statute relative to the question at this time under consideration has this provision: "Provided, that in assessing benefits to parcels of land outside city and town limits, said assessments shall be made upon the basis of acreage, and for actual benefits accruing to said farm lands as other benefits of farm drainage are now assessed under existing laws: Provided, further, that appeals from such assessments may be made to the circuit court within fifteen days from the time such assessment rolls are filed, to be conducted as other appeals." It will be noticed that this statute incorporates existing laws for farm drainage as the method to be used in assessing benefits to land outside of city and town limits, and authorizes appeals to the circuit court "to be conducted as other appeals." While the procedure to be followed in the disposition of such appeals is not limited specifically to any class of

cases, yet unquestionably the legislature never intended to require the board of assessors to follow certain prescribed rules for the assessment of benefits of one class of property, and then test the accuracy of their work by the rules of procedure applicable to another class of property. Inasmuch as the legislature has so closely connected the law governing such assessments with the right of appeal and its manner of disposition, it would seem to follow, as a reasonable sequence, that the legislature intended that such appeals should be conducted under the law authorizing farm drainage assessments, in which case, the rules of procedure and practice applicable to appeals in such cases should control. Acts 1907 p. 508, §6143 Burns 1914, as amended by Acts 1917 p. 292, §6174 Burns 1926, §6143 Burns' Supp. 1921.

Neither of the statutes concerning drainage to which we have called attention expressly provides for a change of judge in a cause on appeal from an assessment of benefits or damages. But, notwithstanding this omission, this court has many times ruled that although a drainage proceeding is statutory, it is nevertheless in its nature a civil action, and the civil code applies to supply omissions in the special act. *Shields* v. *Pyles* (1912), 180 Ind. 71, 99 N. E. 742; *Hart* v. *Scott* (1907), 168 Ind. 530, 81 N. E. 481; *Stockton* v. *Ham, supra; Bass* v. *Elliott, supra; Karr* v. *Board, etc.* (1908), 170 Ind. 571, 581, 85 N. E. 1.

The foregoing observations indicate what our conclusion would be were this an appeal from a final judgment presenting error in denying the requested change of judge, nor would the facts disclosed by the respondent's return herein, which we have fully considered, change our views as relator's right to such change.

These considerations indicate something more than a plain duty on the part of the presiding judge to act

independently of any judicial question for decision. If this be true, the controlling principle involved in this case has been pronounced by this court in the case of *State, ex rel.*, v. *Wrigley, Judge* (1918), 187 Ind. 78, 81, 118 N. E. 353, wherein it was said that: "The writ of mandamus is an extraordinary writ which can be issued only to compel the performance of clear legal duty. The duty to do an act must be absolute and imperative and not dependent upon the exercise of discretion or judicial determination. (Citing cases.) If the act is discretionary in its nature, or if the party charged with a duty is required to exercise judgment or to act judicially in determining whether the duty does or does not exist, the manner in which such a discretionary or judicial act is to be performed cannot be controlled by the writ." See also, *State, ex rel.*, v. *Williams, Judge, supra; State, ex rel.*, v. *Gleason, Judge* (1918), 187 Ind. 297, 119 N. E. 9.

We, therefore, conclude that the restraining order heretofore issued in this cause should be set aside and dissolved, and the prayer of the petition of relator be denied, and it is so ordered.

Ewbank, C. J., concurs in conclusion.