STINSON v. THE STATE, on the Relation of HARGRAVE.

PRACTICE.— *Change of Venue.*—*Circuit Judge Acting as Judge of the Court of Common Pleas.*—In an action commenced in the court of common pleas, a change of venue was taken from the judge before whom the action was pending, and the cause was set down for trial before the judge of the circuit court of the same county on a certain day, when a trial was had which resulted in a finding for the plaintiff. A motion for a new trial was made, and the cause was continued until a specified day, when the judge failed to appear. On a subsequent day, the circuit judge, his court being in session, overruled the motion for a new trial and rendered judgment.

*Held,* that the ruling upon the motion for a new trial was void.

*Held,* also, that the cause was still pending upon that motion in the court of common pleas, and it was the duty of said judge thereof to appoint a judge to dispose of the motion.

APPEAL from the Vanderburgh Common Pleas.

RAY, J.—The abstract in this case is only sufficient to show the action to have been commenced in the Court of Common Pleas of Vanderburgh county upon a forfeited recognizance, and that a change of venue was taken from the judge before whom the action was pending, and the case was set down for trial before the judge of the Vanderburgh Circuit Court on the 15th day of May, 1867, when a trial was had, which resulted in a finding for the appellee. A motion was made for a new trial, and the cause was continued until the Saturday before the fourth Monday of September following, when the judge failed to appear. On the 23d day of the next month, the circuit judge, his court being in session, overruled the motion for a new trial and rendered judgment, to which the appellant excepted.

This was error. The change of venue from the common pleas judge did not remove the cause from that court; and on the failure of the judge appointed to try the case to appear, the cause still remained in the court of common pleas, and could only be acted upon during a session of that court. The ruling upon the motion for a new trial was made at a time when there was no power to act, and was void. The

judge of the court where the action was brought still has the case pending on the motion in his court, and should appoint a judge to dispose of that motion.

The complaint is not abstracted, nor are the answers set out, and we cannot determine any other questions, under our rules.

Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.

*L. C. Stinson* and *P. C. Dunning,* for appellant.

*D. E. Williamson,* Attorney General, and *W. P. Hargrave,* for the State.