STATE, EX REL. BURK *v.* SPARKS ET AL.

[No. 25,800.   Filed March 24, 1931.]

*Pickens, Davidson, Gause, Gilliom & Pickens* and *Harlan & Brown*, for petitioner.

*Cliff M. Haworth* and *Earl Keisker*, for respondents.

Roll, J.—The State of Indiana on the relation of Frank Burk filed a petition in this court for a writ of prohibition, and, upon consideration of the same, a temporary writ was issued, and the respondents were ordered to appear and show cause why the writ should not be made permanent.

The petition herein shows that the relator Frank Burk was, on April 3, 1928, charged by affidavit in the Wayne Circuit Court with the offense of driving an automobile while under the influence of intoxicating liquor. That said defendant obtained a change of venue from the regular judge and that E. Ralph Himelick was appointed special judge to hear and determine said criminal action. That said Himelick qualified and assumed jurisdiction, and tried said cause on June 4, 1928. That he took said cause under advisement till October 22, 1928, when he announced his decision and sentenced the defendant. That said defendant filed his motion for a new trial on said day, after judgment had been entered. That, on May 28, 1929, the Honorable Gustave H. Hoelscher, who was the regular judge of the Wayne Circuit Court, on his own motion, entered an order in said criminal action, which recited the facts alleged in the petition herein and as above set out, and further stated that, when defendant filed his motion for a new trial, the same was set for hearing and argument on November 5, 1928, and defendant was released on his former bond. Said order further recited that the said Himelick failed and neglected to appear on November 5, 1928, to hear and rule on said motion for a new trial, and has ever since failed and neglected to appear and hear the same. Said entry ordered and directed that another special judge be selected and appointed to assume jurisdiction of said cause, and then nominated Will M. Sparks, judge of Rush Circuit Court, G. Edwin Johnston, Judge of Fayette Circuit Court, and Alonzo M. Bales, judge of

Randolph Circuit Court, and ordered the State of Indiana to strike off one of said names, and the defendant to strike off one of said names, and stated that the court would thereupon appoint such person who should remain unchallenged as special judge in said cause, and set the hearing on said motion for a new trial for June 5, 1929.

The petition herein further alleges that the defendant refused to strike either of said names, and the prosecuting attorney of Wayne County struck off one of the names, and the clerk of said county, under order of court, struck off one of said names and the name of Will M. Sparks was left unchallenged; whereupon, Judge Hoelscher appointed Will M. Sparks special judge in said criminal cause to hear and finally determine the same. That on June 5, 1929, the said Will M. Sparks appeared in the Wayne Circuit Court and defendant duly objected to his qualifying and assuming jurisdiction of said cause, but said objections were overruled on June 12, 1929, and the said Will M. Sparks qualified and assumed jurisdiction of said cause, and, on July 3, heard argument on said motion for a new trial, and overruled said motion, but has not yet signed any order-book entry overruling said motion, but is threatening so to do, and will unless restrained from so doing.

The petition herein further alleges that said order was made by Judge Hoelscher without any authority so to do and that Judge Himelick was, at all times, able, ready and willing to hear and determine said motion for a new trial, and then sets out the reasons why Judge Himelick did not appear on the date set, which reasons are, in substance, as follows: that, at the time defendant filed his motion for a new trial, he announced to the attorneys that he would not hear said motion for a new trial till after the election, which was on November 6, 1928, as

he was a candidate himself, but would hear the same at any time thereafter that was convenient to the attorneys, if oral argument was desired; that, thereafter, Judge Himelick understood that the prosecuting attorney was in ill health, and also one of the attorneys for the defendant was confined to his bed on account of sickness; also, that Mr. Harlan, one of the attorneys for defendant, was attending the Legislature as a member thereof. That he heard nothing from any interested party about said motion till April, 1929, when he received a letter from the prosecuting attorney of Wayne County, requesting him to come to Richmond and hear said motion for a new trial. That he answered said letter by return mail, and stated that he could come any time it was agreeable to the attorneys interested, and requested said prosecutor to call the defendant's attorneys and agree upon a date and advise him. That the first information he had that the motion for a new trial had actually been filed was the letter he received from the prosecuting attorney above mentioned.

The response filed by Will M. Sparks alleges facts subsequent to his appointment as special judge in said criminal action. It is shown by said response that the order-book entry showed the filing of a motion for a new trial at the proper time, but the court's minutes did not show the filing of any such motion, nor was there such a motion on file among the papers in the clerk's office of said court, nor did the clerk or any of her deputies remember having filed the same. That the defendant's attorneys stated to the court that such a motion had been prepared and that an office copy of the same was in their office. The court thereupon permitted and ordered the defendant to submit a substituted copy of said original motion and to file the same as of the date when the order-book entry showed it was filed, which was done.

Gustave H. Hoelscher, co-respondent herein, filed his response, and sets out therein substantially the same facts that are alleged in the petition. Said Hoelscher states that, on October 22, 1928, after judgment had been entered, the attorneys for the defendant signified to the court their intention of filing a motion for a new trial and agreed with Special Judge Himelick that said motion would be filed within a few days, also stating that they had prepared a motion for a new trial, but that they wanted to change same before filing. That said Himelick stated to the attorneys interested in said case that he would appear in said court on November 8, 1928, to hear said motion. That said Himelick did not appear on said day and no information was received as to why he did not appear. The other allegations are substantially the same as those of the petition. The affidavits of the prosecutor and deputy prosecutor of Wayne County were filed in support of the response herein filed.

The relator contends that Special Judge E. Ralph Himelick, when he was duly selected as special judge to hear and determine the cause of *State of Indiana* v. *Frank Burk*, No. 10645 of the Wayne Circuit Court and qualified and assumed jurisdiction, had complete and exclusive jurisdiction to finally hear and determine said cause. Respondent takes the position that, by reason of the delay of Special Judge Himelick in disposing of said criminal action, and the failure of said Himelick to appear in the Wayne Circuit Court on November 8, 1928, to hear argument on defendant's motion for a new trial, without informing the interested parties as to why he did not appear, was an abandonment of said cause, and a refusal to finally dispose of the action, and that public policy demanded and justified the action of the regular judge in appointing another special judge.

The respondents cite in support of their position, *Stinson* v. *State, ex rel.* (1869), 32 Ind. 124; *Glenn* v.

*State, ex rel.* (1874), 46 Ind. 368, and *Greenup* v. *Crooks* (1875), 50 Ind. 410. These are civil cases and were decided under the statute in force at that time. (§207, 208, ch. 1, part Two, Statutes of Indiana, Vol. 2 Rev. of 1876, Davis.) The provisions of this statute are so different from the statute governing changes of venue in criminal causes that cases decided under the above statute are of little, if any, assistance in deciding the question here presented. Respondent also cites *Smith* v. *State* (1896), 145 Ind. 176, 42 N. E. 1019, and *Shockley* v. *State* (1924), 194 Ind. 321, 142 N. E. 850. These cases are not in point.

Section 2236 Burns 1926 provides the method for selecting a special judge when a change of venue is taken from the judge, or where the presiding judge is disqualified for any reason, and then provides, "that he [meaning the special judge] shall have power to hear and determine such cause until the same is finally disposed of." By the terms of this statute, the regular judge loses all jurisdiction over the case, and exclusive jurisdiction is vested in the special judge, with power to hear and determine such cause until the same is finally disposed of. We cannot say that the practice followed by Special Judge Himelick in requesting the prosecuting attorney of Wayne County to arrange with defendant's counsel for a day to argue the motion for a new trial and advise him is the proper practice, yet, we cannot say that such practice amounts to a refusal to exercise jurisdiction over said cause, or a refusal to finally dispose of the same.

Under the facts as they are presented to us, we are of the opinion that no sufficient showing is made that would warrant the conclusion that Special Judge Himelick had refused to exercise jurisdiction over said cause. In fact, it affirmatively appears that said Himelick did intend to hear and determine said cause

until it was finally disposed of. We, therefore, conclude and hold that the action of Judge Hoelscher in appointing Will M. Sparks as special judge in said criminal action was void, and that said Will M. Sparks did not obtain jurisdiction by said pretended appointment.

It is the judgment of this court that the temporary writ heretofore issued be made permanent.

Martin, J., absent.

### DISSENTING OPINION.

[Filed April 30, 1931.]

MARTIN, J.—The power of a special judge ordinarily continues until a cause is finally determined, but, if a special judge fails to complete a trial by abandonment of the cause or by refusal or failure to act for an unreasonable length of time, the regular judge has the authority to, and he should, in the manner provided by law, appoint another special judge. This, I believe, is a fair statement of the law and one not necessarily controverted by the opinion of the court herein.

The return of the respondent Wayne Circuit Court (Gustave H. Hoelscher, judge) states that November 8, 1928, was the date set by Special Judge Himelick (who was the judge of the Fayette Circuit Court) for hearing and argument on relator's motion for a new trial therein; that, on said date, both parties were present in the Wayne Circuit Court but said special judge failed to appear. In this return, as in the order which the court made May 28, 1929, providing for the selection of another special judge, the court reviews the history of the case, and shows that said special judge wholly neglected and failed to act on the motion for a new trial on November 8, 1928, *or take any other action to dispose of the case* after that date during the October 1928, January and April 1929 terms of court. The prosecuting attorney, in an affidavit supporting the return, swears that he and his

deputy were at all times ready to represent the state in said case, that he endeavored to arrange with relator's attorneys for a date for a hearing on the motion for a new trial, but without success, and that, after the appointment of Special Judge Sparks, Special Judge Himelick, in refusing to sign the records of the Wayne Circuit Court, stated that they were incorrect in "that a motion for a new trial had never been filed with him" although (at the time he announced his finding) the "attorneys for Burke had promised that they would file said motion in a few days" and "that was the reason he did come to Richmond on November 8, 1928, to hear arguments on said motion." (The order-book entry showed the filing of a motion for a new trial at the proper time, but the court's minutes or files did not.)

This is not, as relator contends, "simply a case of a difference of opinion as to how aggressively a special judge should hear and rule on a motion for a new trial," but is a case where the regular judge, from the facts before him, had a right to conclude that the first special judge was not going to take action at all. Certainly, the regular judge was not required, as relator suggests, to seek "a writ of mandamus out of the Supreme Court of Indiana for the purpose of mandating said Special Judge Himelick" to act.

The regular judge, as an administrative duty of his office, is charged with the reasonable expedition of the business pending in his court. Neither litigants nor special judges should be allowed to obstruct or unduly delay the administration of the law. In administering the business of his court, a trial judge must be allowed to exercise his sound legal discretion. I believe there was no abuse of discretion in the action of the judge of the respondent Wayne Circuit Court, but that, by reason of the facts before the court, he was justified in the conclusion that the special judge had abandoned the

cause and refused, for an unreasonable length of time, to dispose of it. It follows that the action taken by the Wayne Circuit Court through its regular judge (Hoelscher) was proper, that the new special judge (Honorable Will M. Sparks) was duly and lawfully appointed, and that this court should not set aside the action of the regular judge and prohibit the new special judge from taking further action in the case.

The only authority for the issuance of writs of prohibition by this court is contained in §1244 Burns 1926. The portion of that statute upon which this action is based provides that "writs of prohibition may issue out of the Supreme Court to . . . circuit . . . courts . . . to restrain and confine such . . . courts . . . to their respective lawful jurisdiction." No one contends that the Wayne Circuit Court does not have lawful jurisdiction of the criminal action pending therein against the relator. The question of whether one special judge of a court or another special judge thereof has the right to act in a particular case is a question which we are not authorized by this statute to consider, but is one which is properly presented only by an appeal.

Also, the new special judge, Sparks, in determining the question of his jurisdiction to act in the case of *State* v. *Burk* exercised a judicial discretion and performed a judicial act. A writ of prohibition will issue to confine the subordinate courts "to their respective lawful jurisdictions," and to prevent the encroachment by one court on the jurisdiction of another, *State, ex rel.,* v. *Madison Circuit Court* (1923), 193 Ind. 20, 138 N. E. 762, but it will not issue to control a court in the exercise of a judicial discretion in determining some matter involving judicial action; it cannot be made to serve the purpose of an appeal by reviewing a judicial decision. *State, ex rel.,* v. *Leathers, Judge* (1925), 197 Ind. 97, 149 N. E. 900.

Even in a case where a writ of prohibition is authorized by the statute, it should be denied if adequate relief can be obtained by appeal, and where a litigant having such an adequate remedy by appeal elects and proceeds to present his question in that manner, he should not be permitted to abandon that course and invoke the aid of the extraordinary writ. It appears from the sworn response filed herein by Will M. Sparks (then judge of the Rush Circuit Court and now judge of the United States Circuit Court of Appeals for the Eighth Circuit) that the relator, upon appearing before him as special judge of the Wayne Circuit Court, objected to his exercising jurisdiction in the case; that, acting as such court (a week later), he decided this question against the relator, who excepted to the ruling. Relator did not thereupon apply to this court for a writ of prohibition but proceeded to argue the motion for a new trial on its merits three weeks later before Judge Sparks. After the court (Sparks) denied relator's motion for a new trial, his attorneys "then and there stated that they desired to appeal the case and to file said petition (for bail) with said higher court," whereupon the court signified that it would not sign the record until July 13, 1929. On that date, relator's counsel "called this affiant (Sparks) on the phone and stated to him that he had consulted with either the Supreme or Appellate Court . . . in relation to filing said application for bond and that he found it would take longer than he anticipated."[1] After

---

[1]Petitions to be admitted to bail can only be filed "upon sentence being pronounced . . . and judgment thereon . . . entered and an appeal . . . taken or prayed for, and notice of such appeal . . . given as required by law," and the court to which application is made "may require such notice thereof as it deems necessary to be given to the prosecuting attorney . . . or to the attorney-general." §1, ch. 121, Acts 1929, §2387 Burns Supp. 1929. In cases where a motion for a new trial is filed, an appeal cannot be taken or notice given of appeal until after action has been taken and recorded on such motion. Seven days' notice of the filing of the application for bail is required by Rule 42 of this court.

thus learning that he could not obtain bail until at least seven days after final action by the trial court (Rule 42 Supreme Court), relator commenced this original action and secured the issuance of the temporary writ which (for almost two years) has served to suspend action in the trial court (wherein the cause had already been pending for over a year).

For the several reasons herein stated, I am of the opinion that the temporary writ of prohibition should not have issued, that final action should not have been delayed, and that the writ should have been promptly dissolved.