SIEGEL *v*. ARCHER ET AL.

[No. 26,932.  Filed October 27, 1937.]

*John D. T. Bold,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, *Fred A. Wiecking, Alvin C. Johnson,* Assistant Attorneys-General, *Omer S. Jackson,* Attorney-General, *A. J. Stevenson,* Assistant Attorney-General, and *Phelps F. Darby,* for appellees.

TREANOR, J.—"On January 16, 1932, Walter D. Schreeder, a depositor in the American Trust and Savings Bank of Evansville, instituted an action against the stockholders of the bank to enforce their liability for assessment as such stockholders. The complaint alleged that the suit was brought for the benefit of the plaintiff (Walter Schreeder) individually and for the benefit of all other persons similarly situated. It further alleged that the bank was closed as an insolvent bank on October 17, 1931, by order of the State Bank Commissioner of Indiana, and that since that date it was being liquidated under the direction and supervision of said State Bank Commissioner. The complaint prayed a recovery of the amount equal to a 100 per cent assessment, and for the appointment of a receiver to collect said assessments and distribute the same 'as the court shall order and decree.'

"The State Bank Commissioner was made a party defendant. The defendants severally filed demurrers, answers in abatement, and answers in general denial. On February 18, 1934, the Department of Financial Institutions was substituted as a party defendant as successor to said State Bank Commissioner. On March 14,

1934, said Department of Financial Institutions filed a supplemental answer which alleged:

"'. . . that since said cause was commenced and since the pleadings of the American Trust & Savings Bank were filed herein, said Department of Financial Institutions has taken possession of the business and property of said American Trust & Savings Bank of Evansville, Indiana, for the purpose of liquidating said bank under article 2 of chapter 40 of the Acts of the Indiana General Assembly of 1933. That on July 24, 1933, said Department took possession of the business and property of said bank pursuant to the provisions of said act and said Department ever since has been and now is in possession of the business and property of said bank for said purpose of liquidating said bank, and that on the 25th day of January, 1934, said Department of Financial Institutions officially determined that the cash value of the assets of said bank was not sufficient to pay the creditors of said bank in full, and that the individual liability imposed by law upon the shareholders of said bank should be enforced, and that on the 5th day of February, 1934, said department for the purpose of enforcing the individual liability imposed by law upon the shareholders of said bank, made demand in writing upon each and every shareholder of said bank for the payment of his legal liability as such stockholder of said bank, and mailed such demand to each of said shareholders at their last named address, setting forth in such demand the total amount required for the purpose of paying the creditors of said bank and the amount required for each of said shareholders to whom said demand was addressed, and fixing forty days after the giving of said notice as the day upon which the said shareholders should be required to pay their said several amounts to said Department.

"'Said defendant further says that said Department is proceeding under the said Act of 1933 to enforce and collect the several liabilities of all shareholders of said bank as provided by law.'

"On April 13, 1934, Meyer Siegel filed a verified petition to intervene, which, omitting purely formal parts, is as follows:

" 'The undersigned petitioner respectfully shows the court that he is a depositor in the American Trust & Savings Bank of Evansville, Indiana, and that there is a balance due him on his deposit of Two Hundred and Fifty Dollars ($250.00) or more, and that said deposit or no part thereof has ever been sold, assigned or encumbered.

" 'That he is informed and verily believes that the plaintiff in this cause, purporting therein to act for himself and for and on behalf of all other depositors and creditors of said American Trust & Savings Bank, contemplates the dismissal of this action; that this petitioner, as a member of said class of depositors and creditors for the benefit of whom this action purports to have been brought, has never been consulted by the plaintiff nor the plaintiff's attorney; that your petitioner is informed and believes that the interest of himself as such depositor of the American Trust & Savings Bank and the interests of all other depositors and creditors of said bank for whom this suit has purportedly been brought, will be best served if said action is prosecuted to final judgment. That your petitioner should be named in this cause as a party plaintiff and be permitted to prosecute said action for and on behalf of the said depositors and creditors of the American Trust & Savings Bank, excepting the said Walter D. Schreeder.'

"On April 28, 1934, the court denied said petition, and on motion of plaintiff Walter D. Schreeder, and over objection of appellant Meyer Siegel, the court dismissed the cause and rendered judgment for costs against said plaintiff.

"Appellant prayed an appeal, which was granted, filed an appeal bond which was approved by the trial court, and filed a transcript in this court on October 2, 1934."\* The errors assigned may be summarized as follows: (1) error in denying appellant's petition to be named as a party plaintiff, and (2) error in dismissing said cause over appellant's objection.

---

\* Note—The foregoing is adopted from the opinion of Dudine, J., in *Siegel* v. *Archer* (1937), 7 N. E. (2d) 66.

It should be noted that appellant Siegel is one of the represented class for whose benefit plaintiff Schreeder instituted the instant suit. His interest in the suit is not strictly that of an intervener as the term intervener is used in Sec. 2-222 Burns' Indiana Statutes Annotated 1933, Sec. 38 Baldwin's 1934. An intervener in the sense of the aforesaid statutory provision is one who is seeking to become a party to a suit for the purpose of protecting an interest of his own which neither the plaintiff nor defendant is interested in protecting. Strictly speaking he is not in any sense a party to the suit until permission to intervene is granted. But a member of a represented class for whose benefit a named plaintiff is prosecuting an action is one whose interest is being asserted by the named plaintiff; and in reality the represented party is a party to the suit. As long as the named plaintiff is prosecuting the action and adequately protecting the interests of the members of the represented class, there would be no advantage to any member of the class to be permitted to be named as a party plaintiff. To permit members of the represented class to be named as parties plaintiff, as a matter of right, would be to recognize a rule which would destroy the practical advantages of class suits. On the other hand a member of the class is entitled to be named as a party plaintiff upon a showing that the original plaintiff is allowing the interests of the members of the class to be jeopardized. Assuming any merit in the class suit, as asserted by the named plaintiff, a voluntary dismissal by the named plaintiff would adversely affect the interests of the members of the class. In our opinion a member of a class who desires to continue the class suit is entitled as a matter of right to be named as a party plaintiff if the named plaintiff is in fact intending voluntarily to dismiss the suit as to the class. And when, as in the instant case, a member of

the class petitions to be named as a party plaintiff prior to the dismissal of the action by the named plaintiff, he must be treated as a party to the suit for the purpose of presenting objections to its dismissal. Consequently it was error for the Superior Court of Vanderburgh County to deny Siegel's petition to be named a party plaintiff; and it was error to dismiss the suit as to the members of the class on the motion of Schreeder and over the objection of Siegel, a member of the class. And Siegel's interest as the representative of the class made him in fact and in law a party to the judgment below and entitled him to maintain an appeal from the order of the court in dismissing the suit.

In view of the foregoing we cannot dismiss this appeal upon the ground that Siegel was not a party to the judgment below, and therefore without an appealable interest, as urged by appellees.

We are of the opinion, however, that the judgment of the lower court should not be reversed, since the error complained of was harmless. In the case of *Hiatt* v. *Howard et al.*[1] the Appellate Court held that the Financial Institutions Act of 1933[2] conferred upon the Department of Financial Institutions exclusive power to enforce stockholders' individual liability; and that decision also held that the provisions of the Act had retrospective effect. In the Hiatt case the Appellate Court held that it was not error to sustain a demurrer to a complaint which was filed by a depositor of an insolvent bank for the purpose of enforcing stockholders' liability and which also sought to have appointed a "trustee" to collect and distribute any amounts which should be recovered. The sole ground for the sustaining of the demurrer was that the Act of 1933 had conferred exclusive power upon the Department of

1. (1937), 104 Ind. App. 167, 8 N. E. (2d) 136.
2. Acts 1933, ch. 40, p. 176.

Financial Institutions to enforce the stockholders' liability.

We are of the opinion that the reasoning and decision of the Appellate Court in the Hiatt case is based upon a correct construction of the provisions of the Act of 1933; and if there had been any question of the correctness of the Appellate Court's construction of the provisions of the Act of 1933 no question can possibly exist now in view of subsequent changes in the language of the pertinent provisions by legislative amendment.[3]

In view of the foregoing it is clear that the appellant Siegel was not harmed by the action of the trial court in dismissing the complaint, since Siegel could not have prosecuted the suit to judgment in view of the pleading which had been filed by the Department of Financial Institutions. This pleading disclosed facts which in law constituted a bar to the prosecution of the suit by Siegel either in his individual or representative capacity. Since no legal injury possibly could have resulted to appellant Siegel by the action of the trial court in refusing to permit appellant Siegel to be named as a party plaintiff, and in dismissing the suit over his objection, it follows that the judgment of the trial court should not be disturbed.

Judgment affirmed.