## STATE EX REL. KISER, COHN & SHUMAKER, INC. *v.* SAMMONS ET AL.

[No. 28,048.   Filed November 22, 1944.]

*Gavit & Richardson*, of Gary, for relator.

*Jay E. Darlington,* of Hammond, and *Herbert T. Johnson,* of Crown Point, for respondent.

RICHMAN, J.—Upon relator's verified petition we ordered that respondents show cause why a writ of prohibition should not issue. The controversy is between relator and respondent James T. Vie whose answer is argumentative. It is verified by his attorney, Jay E. Darlington, who is referred to hereinafter as Vie's attorney. Searching through the answer we find that the material averments of relator's petition are either admitted or not denied.

Several years ago in a receivership cause pending in the Lake Circuit Court, James Dexter filed a petition asking for relief against the relator herein. In his petition he incorporated an allegation that he acted for himself and all others similarly situated. After certain pleadings were filed and ruled upon by the regular judge relator asked for change of judge and respondent George Sammons was named, qualified and was so acting when Dexter died. A demurrer to Dexter's petition was then pending. Mr. Sammons is a practicing lawyer residing and having his law office in Kentland, Indiana, in Newton County which adjoins Lake County where the case is pending. Since Dexter's death more than two years ago no action was taken in the case until the 6th day of September, 1944. On that day, without notice to relator's attorneys and without their knowledge, Vie's attorney went to the office of Mr. Sammons in Kentland, "exhibited" to him a pleading entitled "Joinder of John T. Vie in petition of James C. Dexter" and also an affidavit for a change of judge signed by Vie, and submitted a blank described as "a typewritten minute blank 'granting' the change of judge." To this Mr. Sammons affixed his signature.

The answer states that Vie's attorney then took the three papers to the bailiff of the Lake Circuit Court, which was then in session, "exhibited said papers to the bailiff and affixed a stamp 'filed in open court' on said papers, after which, with the bailiff's consent, he placed them in the hands of the clerk of said court and called the clerk's attention thereto with the request that the clerk perform his function of certifying the matter to the clerk of the Supreme Court for selection of names from which to choose a special judge." The clerk made order book entries of the filing of the "joinder petition" and the filing and granting of the motion for change of venue and certified the facts to the clerk of the Supreme Court who submitted a list of names. Then for the first time Vie's attorney informed relator's attorneys of the proceedings and asked that they strike one of the names. They refused. The clerk struck for them and respondent Johnson's name was the one left on the list of three. In order that the question of jurisdiction might be presented to this court Mr. Johnson qualified by taking the oath. Neither special judge desires to serve and each, it seems, is doubting his jurisdiction. Relator contends that Mr. Sammons is the judge and refuses to participate in proceedings before Mr. Johnson as special judge and respondent Vie takes the opposite position.

This is an intolerable situation justifying the intervention of this court. In *State ex rel. Youngblood* v. *Warrick Circuit Court* (1935), 208 Ind. 594, 196 N. E. 254, this court said:

"The Warrick Circuit Court with Special Judge Markel presiding is an entirely different entity from the Warrick Circuit Court with Special Judge Wood presiding. They are of equal rank; both are asserting jurisdiction. The relator appeared spe-

cially and questioned the jurisdiction of Special Judge Gray. After an adverse ruling he is not required to refrain from further protecting his rights. He has also submitted without question to the jurisdiction of Judge Markel. It is obvious that both do not have jurisdiction. The letter and spirit of the statute require that this court determine the question of the jurisdiction now without waiting for two appeals. *Murphy* v. *Daly* (1934), 206 Ind. 179, 188 N. E. 769; *State ex rel. Burk* v. *Sparks* (1931), 202 Ind. 463, 176 N. E. 8; *State ex rel. Cook* v. *Circuit Court, etc.* (1923), 193 Ind. 20, 138 N. E. 762."

We find it unnecessary now to decide whether the death of Dexter abated the cause of action. This will be one of the first questions for the trial court to determine judicially following the mandate of this court. If it errs, remedy is by appeal.

The authority for representative actions is found in § 2-220, Burns' 1933, § 35, Baldwin's 1934, which states that when "the question is one of a common or general interest of many persons, or where the parties are numerous and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole." This was a rule of equity but the statute has been held to be applicable also to actions at law. *Board of Commissioners of Vanderburgh County* v. *Sanders* (1940), 218 Ind. 43, 30 N. E. (2d) 713, 131 A. L. R. 1048. In a discussion of the subject in 30 C. J. S., *Equity*, § 145, it is said: "The persons represented are not actual parties, but are regarded as quasi parties, and for many purposes and under some circumstances they may have the rights of actual parties." In this statement the word "parties" is given the same significance as "named parties" in the opinion of Judge Treanor in *Siegel* v.

*Archer* (1937), 212 Ind. 599, 10 N. E. (2d) 626, where a distinction is made between "parties" and "named parties." The opinion states: "To permit members of the represented class to be named as party plaintiffs, as a matter of right, would be to recognize a rule which would destroy the practical advantages of class suits. On the other hand a member of the class is entitled to be named as a party plaintiff upon a showing that the original plaintiff is allowing the interests of the members of the class to be jeopardized." Here Judge Treanor distinguishes between the rights of one who is a party of record, that is, named as such in the pleadings, and one who is an undisclosed member of a class.

We have no quarrel with the conclusion reached in *Siegel* v. *Archer, supra,* but we are not willing to give it the application contended for by respondent Vie. He seizes upon the words "as a matter of right" in the following sentence: "In our opinion a member of a class who desires to continue the class suit is entitled as a matter of right to be named as a party plaintiff if the named plaintiff is in fact intending voluntarily to dismiss the suit as to the class." Vie seems to think that whenever a member of the class so desires he may take to the clerk of the court a pleading in which he asserts that he is a member of that class, file it and thence forward have all rights that could have been exercised by the original plaintiff, including the right to a change of venue. This conclusion is not supported either by reason or authority. In the Siegel case there was a petition to intervene. Adopting Judge Treanor's terminology it might have been called a petition to be named as a party plaintiff. In the very recent case of *Barnard* v. *Kruzan* (1943), 221 Ind. 208, 46 N. E. (2d) 238, there was a motion to intervene and it was there held that the court erred in

striking it out. Judge Swaim quotes from 39 Am. Jur. *Parties*, § 62, as follows:

"In many instances, persons not made nominal parties to the action or proceeding are, nevertheless, represented by such parties, and therefore are, in the absence of collusion, bound by the judgment. Frequently in such cases, persons who are members of the class on whose behalf suit is brought are permitted to intervene. There is, however, no absolute right to intervene in such cases, and the right to do so may be denied by the court in the exercise of its discretion, and the discretion will usually be so exercised when there is no suggestion of fraud or collusion or that the representative will not act in good faith for the protection of all interests represented by him."

Under this text is cited *Southern Pacific Co.* v. *Bogert* (1919), 250 U. S. 483, 63 L. Ed. 1099, 39 Sup. Ct. 533, wherein Mr. Justice Brandeis said: "The suit was brought on behalf of all the stockholders of the old Houston Company situated similarly to the plaintiffs. The court found on competent evidence that these parties were such. If they could not have intervened as of right, it was at least in the discretion of the court to permit them to do so; and no reason is shown for questioning the exercise of its discretion." Use of the words "as of right" by Mr. Justice Brandeis is shown by their connection to mean no more than that when the parties or quasi parties, whichever term is used, whose names have theretofore been undisclosed by the record, seek to become active in the litigation and upon proper showing are found in fact to be members of the represented class then as of right they may proceed as if they had been made parties in the first instance. But Judge Treanor adds this qualification

which is amply supported by authority that they are not permitted to take over the litigation unless the original plaintiff has ceased fairly to represent the interest of the class. Implicit in all the cases is the necessity for a showing that the erstwhile passive "party" who now seeks to become active is within the class for whom the action was brought. To make such a showing involves a hearing for determination of the fact and may also, and in this case would, present a question of law for the determination of a court before any further action might be taken by the quasi or unnamed party. This is a question for judicial determination.

Turning to the factual situation before us all that was done by Vie's attorney was to exhibit, whatever that may mean, a document described as a "joinder petition" to Mr. Sammons sitting in his office in Kentland and then to take it to the courtroom of the Lake Circuit Court then in session (we assume with the regular judge presiding), show it to the bailiff, stamp it "Filed in open court" (which was not the fact) and hand it to the clerk as a filed paper. Though there was a prayer in the "joinder petition" reading, "WHEREFORE, said John T. Vie prays that he be joined in said petition in the second paragraph thereof as co-petitioner with said Dexter" thus impliedly recognizing that he must get the court's consent to act, no such consent was obtained even from the special judge and certainly none from the court.

Judge Elliott said in *Shoultz* v. *McPheeters* (1881), 79 Ind. 373, 376, "Throughout all the constitutional provisions runs the controlling idea that a court cannot exist without a judge." But a judge is not the court, although frequently the words are used interchangeably. "A time when, a place where,

and the persons by whom judicial functions are to be exercised, are essential to complete the idea of a court." *Levy* v. *Bigelow, by Next Friend* (1893), 6 Ind. App. 677, 34 N. E. 128. In the *Board of Commissioners of White County* v. *Gwin, Sheriff* (1893), 136 Ind. 562, 36 N. E. 237, it was contended that because the judge, clerk and sheriff had assembled at a place in the county seat at White County other than the courthouse an order of the court then made was void but this court recognizing the necessity for a proper organization of a court and that by long uniform practical construction a circuit court is required to sit at the county seat, held that it was not required to sit in the courthouse where it was shown that the building was so badly in need of repair that it was dangerous to convene therein. In that case the court observed: "So, too, in case the circuit court should convene any place outside the county seat, the acts and proceedings at such other place would be void." The last two cases are cited in a note in 43 A. L. R. beginning at page 1516, where the subject of the place of holding court is discussed. See also 14 Am. Jur., *Courts*, § 37 and 21 C. J. S. *Courts*, § 164. Cases will be found cited therein where a judge listened to evidence of a sick witness at his home, received a verdict at the judge's home and did numerous other irregular acts some of which were held to be reversible error and others not. We find no case wherein it was held that a court could act judicially in term time with all of the administrative officers of the court present at the courthouse in the county seat but the judge fifty miles away in another county. Neither with nor without notice to the party adversely affected by such action could it be binding upon him in the absence of such participation upon his part as in some manner to estop him from making the con-

tention. Whether there may be such an estoppel it is not necessary to decide.

We are aware of the principle that a party who has been summoned is deemed to be in court and must take notice of its proceedings but that principle would not apply to a case such as this. Relator was not bound to take notice of what a special judge might do in his office in Kentland. Where an unfair advantage has been taken of a party in his absence and without notice to him this and the Appellate Court each has put the parties back where they were before the action was taken. The most recent instance is *Indianapolis Life Ins. Co.* v. *Lundquist* (1944), 222 Ind. 359, 53 N. E. (2d) 338, wherein are cited several cases which we need not review. Recently in the case of *State ex rel. Harlan* v. *Municipal Court* (1943), 221 Ind. 12, 46 N. E. (2d) 198, we criticized the act of a judge in ruling in the absence of attorneys for the parties, and, in connection with a writ of prohibition, we required him to expunge from the record certain entries, "to notify the parties of a day" when he would rule "and in their presence to announce his ruling." The rules of this court and of many *nisi prius* courts require service of notice upon the adverse party of motions, petitions, and similar pleadings. Whether or not the Lake Circuit Court has any such rules does not appear. If not, we commend the subject to the attention of the Circuit and Superior Court judges of Lake County.

Summing up we hold that in order for respondent Vie to acquire such a proprietary interest in the proceedings below as to entitle him to file an affidavit for a change of venue he must first have established to the satisfaction of the court, upon notice to

his adversary, who was entitled to be heard, that he was in fact a member of the class for whom the action was begun and that the death of Dexter did not abate the cause of action, all of which requires judicial determination of a court sitting as a court at the county seat in Lake County. Special Judge Sammons at Kentland could not determine this question and it has not been determined. All the subsequent proceedings are predicated upon Vie's status as a named or actual party.

A writ will issue prohibiting Mr. Johnson from acting as a special judge in cause 24,147 in the Lake Circuit Court, requiring Special Judge Sammons, in open court, upon notice thereof to the relator and respondent Vie, to order all entries made in said cause upon the 6th day of September, 1944, and thereafter, to be expunged from the record, and for further proceedings in harmony with this opinion. All costs in both courts shall be assessed against respondent Vie.

Note.—Reported in 57 N. E. (2d) 587.