CITY OF HOBART v. BAUM ET AL.

[No. 18,608. Filed June 27, 1956. Rehearing denied November 15, 1956. Transfer denied November 5, 1957.]

*Harry Long,* of Gary and *Jarvis R. Peddicord,* of Hobart, for appellant.

*Arnold G. Huebner,* of Hammond, *John E. Hopkins,* of Rensselaer, *George Douglas,* of counsel, of Valparaiso, and *Paul B. Huebner,* of counsel, of Hammond, for appellees.

## ON PETITION TO TRANSFER

ACHOR, J.—This cause is before us on petition to transfer. Appellees assert that the opinion of the Appellate Court erroneously decided a new question of law on two separate grounds. The first ground is stated as follows:

> "(A) The Appellate Court's prevailing opinion, and the separate concurring opinion of Judge Crumpacker, err in holding that it was necessary for Appellees, upon becoming named plaintiffs and taking over the conduct of the class action, to allege and prove that the original class plaintiff owned bonds of City of Hobart Assessment Roll No. 251 when it commenced this action, because

in point of law such proof was not requisite, and said opinion erroneously establishes a new rule of law."

At the outset, we are confronted by the fact that the statement does not constitute a full and complete statement of the "new rule of law" established by the Appellate Court. We construe the opinion to hold that, when a new party-plaintiff is substituted for the original party-plaintiff in a class action, proof of the right of action in the original party-plaintiff is necessary ". . . in order to avoid the running of the statute of limitations," until ". . . the time of the filing of appellees' (interveners') complaint . . ." (*City of Hobart* v. *Baum* (1956), 128 Ind. App. 1, 135 N. E. 2d 618, at 620) which, in this case, was after the statute of limitations had run. We concur in the rule thus announced.

We recognize the fact that an unnamed member of the class is a party to the suit from the beginning, in the sense that he cannot file a separate suit based upon the subject-matter of the class action. 1 Am. Jur. 23. Neither can an unnamed member of the class interfere in the prosecution of a case pending an adjudication in favor of the class, except on authority to intervene granted by the court.

However, this does not negative the fact that the right of the class to recover is contingent upon the right of action in the named plaintiff who represents the class. If his action fails, then the class action fails also. Thus, if he is a mere interloper, not qualified to represent the class, neither he nor the class whom he purports to represent have any valid status in court and his action could not terminate the running of the statute of limitations as against unnamed members of a class who were not properly in

court. Rather, the statute would continue to run as to all members of the class until an action was filed by some person authorized in law to represent the class. It is for this reason that it was incumbent upon appellees to prove that the original plaintiff was a bona fide claimant and therefore a member of the class at the time he filed the action. Otherwise the statute of limitations continued to run until appellees intervened in the action, at which time the statute had already run as to their claim.

It is argued that such a rule would result in the forfeiture of many valid claims by the running of the statute of limitations since creditors who were unnamed members of a class would rely on the fact that the named plaintiff had filed an action on behalf of the class. However, if a creditor is not sufficiently interested in his claim to assert it by filing suit upon it himself, or if, after such claim is brought into court, he, as a member of a class, is not even then sufficiently interested to inform himself as to the authority of the self-selected representative to prosecute the action, then such creditor has little cause to complain that the statute of limitations continues to run against his claim until such time as he or some other bona fide member of the class intervenes and undertakes the prosecution of the action.

The second ground upon which appellees assert that the Appellate Court erroneously decided a new question of law is stated as follows:

■ "(B) The Appellate Court erred in establishing said new rule of law in the face of affirmative evidence in the record and an affirmative finding of fact by the trial court that Appellees had sustained such burden of proof."

It is impossible to determine from this abstract statement just what new rule of law, if any, appellees con-

sidered to be erroneously established by the Appellate Court. The statement is too indefinite to present any question.

Transfer is therefore denied.

Arterburn, C. J., Bobbitt, Landis & Emmert, JJ., concur.

NOTE.—Reported in 145 N. E. 2d 573.