THE CITY OF HOBART *v*. BAUM ET AL.

[No. 18,608. Filed June 27, 1956. Rehearing denied November 15, 1956. Transfer denied November 5, 1957.]

*Hosea Bayor,* City Attorney of City of Hobart, *Jarvis R. Peddicord,* of Hobart, *Harry Long* and *Stiles & Bayor,* of counsel, both of Gary, for appellant.

*Arnold G. Huebner,* of Hammond, *John E. Hopkins,* of Rensselaer, *George Douglas,* of counsel, of Valparaiso and *Paul B. Huebner,* of counsel, of Hammond, for appellees.

BOWEN, J.—In the court below the Farmers State Bank of Valparaiso, Indiana, in 1942, filed a civil ac-

tion asserting that it was the owner and holder of certain bonds issued by the city of Hobart, Indiana, pursuant to improvement resolution and assessment roll number 251, for the construction of the Hobart district sewer, and that it brought the action as a class action for and on behalf of itself and all other owners and holders of unpaid bonds issued on said roll, and asked a money judgment on such bonds for itself and other holders of unpaid bonds.

Thereafter, in 1945, the appellees in this cause, Cammie Baum and four others, filed a petition to intervene and to be substituted as parties plaintiff, and were permitted to do so over appellant's objections. The appellant entered a special appearance to appellees' petition to intervene, and objected thereto, prior to the court's ruling permitting such parties to be substituted as parties plaintiff. The grounds of objection were that if said petition was granted the petitioners would be completely substituted as parties plaintiff in the place and stead of the Farmers State Bank of Valparaiso, and that such substitution would constitute an attempt to bring a new cause of action against the appellant, and that thereafter it would not be the same cause of action as commenced by the original complaint, and for the further reason that certain of the bonds sued upon in said original complaint were then barred by the statute of limitations.

After appellees' petition to intervene was granted the appellees filed a second amended complaint in which they asserted ownership of certain bonds and coupons, and sought judgment thereon, and in the second paragraph of said second amended complaint they claimed to be the owners of one of said bonds and sought to represent all other owners and holders of bonds issued for the construction of said sewer, and sought a judgment on behalf of all of them as a class.

The appellant demurred to said second amended complaint. Specifications of such demurrer were that no summons was issued for service upon the defendant upon said second amended complaint, or on any complaint filed by the plaintiffs; that it affirmatively appears in said second amended complaint that the claims and demands sued upon in such complaint are barred by the statute of limitations.

The demurrer was overruled and the appellant filed an answer to the second amended complaint of admission and denial and setting up the statute of limitations and alleging there was no joint interest in the rights of action of each separate plaintiff with those of any other plaintiff; that the plaintiffs are estopped from bringing the suit by reason of an election of remedies in bringing a previous foreclosure action on certain bonds. To this answer the appellee filed replies.

Appellant asked for special finding of facts and conclusions of law and the court found the facts specially and stated its conclusions of law thereon in favor of appellees.

The appellant filed its motion for a new trial, grounds of which motion were that the decision of the court was not sustained by sufficient evidence and was contrary to law; that each of the amended special findings were not sustained by sufficient evidence; that the court erred in admitting into evidence over the objection of appellant a written instrument purporting to be an audit of roll No. 251 on the ground that there was a misjoinder of causes of actions on the second paragraph of complaint based upon a class action. At the trial of this cause the appellees elected to proceed on the second paragraph of the second amended complaint as to the class action.

The court overruled appellant's motion for a new trial and this appeal followed.

At the outset it must be noted that there was no allegation in the second amended complaint filed by the intervening appellees that the original plaintiff, ██ Farmers State Bank of Valparaiso, owned or held a bond on the assessment roll in question, nor was there any allegation that the substituted parties plaintiff were successors in interest to the Farmers State Bank, or that the Farmers State Bank was in any way interested in the bonds which the substituted parties sought to sue upon. Furthermore, the court's findings failed to show that at the time the original complaint was filed the Bank owned or held any of the bonds for the assessment roll in question. It is clear that if the original plaintiff, Farmers State Bank of Valparaiso, had continued in its alleged representative capacity in the class suit that it would have been required to have established that at the time of the filing of the original complaint it owned and held bonds and had the right and capacity to sue on such bonds. Where the appellees seek to take over such class action previously instituted by said Bank, they are not thereby relieved of their responsibility to show that the said Bank owned or held bonds and had the right to bring the action originally in order to avoid the running of the statute of limitations. The attempted substitution of the appellees to carry on the class action, if the record does not show the original plaintiff had the right to maintain such action, is clearly in the nature of a new action begun at the time of the filing of appellees' complaint after the running of the statute of limitations. Appellees were required to allege and prove that said Bank, when it brought the action, was the owner and legal holder of the bond or bonds sued upon. Otherwise it would have to be concluded that the Bank was an interloper without authority to have instituted the class action in the first instance. *Baltimore, etc., R. Co.* v. *Gillard* (1904), 34 Ind. App. 339, 71 N. E. 58; *Floyd*

*Plant Food Co.* v. *Moore* (1938), 197 Ark. 259, 122 S. W. 2d 463.

The appellees, however, urge that the record shows that in another action, which was an assessment foreclosure action in which the Farmers State Bank of Valparaiso and the defendant city were parties, there was an adjudication that said Bank owned said bonds on said assessment roll on October 20, 1942, which was some six months after the filing of the original complaint by the Farmers State Bank in the instant case. However, such facts asserted by the appellees cannot relieve them of the responsibility of alleging and proving in the instant case that the Bank, at the time the original complaint was filed, had the right to maintain the present class action, and such adjudication in the other proceeding some six months after the filing of such complaint cannot be accepted by this court as an adjudication that such Bank owned or held any bonds at the time of the filing of the original complaint.

Since the record in the instant case fails to show that the Farmers State Bank, at the time it filed the original complaint, had a right to represent the unnamed bond holders, the finding and judgment of the court below was contrary to law and the court erred in overruling appellant's motion for a new trial.

By reason of the conclusions reached herein, it is unnecessary to pass upon other specifications of error.

Judgment reversed with instructions to sustain the appellant's motion for a new trial.

Crumpacker, P. J., concurs with opinion.

Royse, J., dissents with opinion.

### CONCURRING OPINION

CRUMPACKER, P. J.—This is a class action commenced by the Farmers State Bank of Valparaiso in

1942. Through it said bank, claiming to be the owner of certain bonds issued by the City of Hobart for the construction of a district sewer pursuant to a proper improvement resolution and consequent assessment roll 251, sought recovery on said bonds both for itself and all other owners and holders of unpaid bonds issued on said roll. In 1954 the court permitted the appellees, as members of the class represented by said bank, to come into the case as named plaintiffs, after which said bank apparently abandoned the litigation and left its control and management entirely with the appellees. As the appellees were unnamed parties plaintiff from the very beginning their entering the case as named plaintiffs and taking over the litigation, in the process of which they filed an amended complaint, did not constitute the commencement of a new action. *Siegel* v. *Archer* (1937), 212 Ind. 599, 10 N. E. 2d 626. When they came into the case, however, and took over its control and management they took up the same burden the bank laid down, a vital part of which was proof that the bank was the owner of bonds issued on assessment roll 251 at the time it commenced the action and therefore a qualified representative of all others similarly situated. If the bank were not so qualified then there was no proper action for the appellees to take over and carry on and their entry in the litigation and the filing of an amended complaint, in which they qualified themselves as proper class representatives, amounted to the institution of a new action which the record shows was barred by the statute of limitations. Therefore it seems to me that it was vital to the appellees' case that they prove that the bank was the owner of bonds issued on assessment roll 251 when it commenced this action. The court found the facts specially but made no finding on that issue. As the appellees had the burden of proof in that regard we are compelled to consider the silence of the findings as a

finding against them on that issue which, in my opinion, is fatal to their case. *Fouts* v. *Largent* (1950), 228 Ind. 547, 94 N. E. 2d 448.

### DISSENTING OPINION

ROYSE, J.—I cannot agree with the reasoning and conclusion of the majority in this case. I believe this action was properly commenced as a class action in 1942 by the Farmers State Bank of Valparaiso. In 1945 the trial court permitted appellees to intervene as parties plaintiff and overruled the objections of appellant to such intervention. I cannot agree that by filing their amended complaint and intervening in the class action these appellees thereby instituted a new cause of action. They, as owners of the bonds in this assessment roll, were parties of the class from the time the suit was originally instituted.

In the case of *Siegel* v. *Archer* (1937), 212 Ind. 599, at p. 603, 10 N. E. 2d 626, the Supreme Court, speaking through Judge Treanor, said:

"It should be noted that appellant Siegel is one of the represented class for whose benefit plaintiff Schreeder instituted the instant suit. His interest in the suit is not strictly that of an intervener as the term intervener is used in Sec. 2-222 Burns' Indiana Statutes Annotated 1933, Sec. 38 Baldwin's 1934. An intervener in the sense of the aforesaid statutory provision is one who is seeking to become a party to a suit for the purpose of protecting an interest of his own which neither the plaintiff nor defendant is interested in protecting. Strictly speaking he is not in any sense a party to the suit until permission to intervene is granted. But a member of a represented class for whose benefit a named plaintiff is prosecuting an action is one whose interest is being asserted by the named plaintiff; and in reality the represented party is a party to the suit."

See also, Flanagan, Indiana Pleading and Procedure, Ch. 34, p. 72; 47 C. J. p. 51, §100.

Furthermore, a defendant has no right to complain to changes in named plaintiffs in a class action since it makes no difference to the defendant which members are named and which are not. *Day et al.* v. *Buckingham et al.* (1894), — Wis. —, 58 N. W. 254; *Southern Pacific Company* v. *Bogert et al.* (1919), 250 U. S. 483.

The amended complaint of the appellees in this case does not raise any different question of fact or law and does not assert any different liability than that alleged in the original complaint. The record is clear here that the original plaintiff, Farmers State Bank of Valparaiso, did not object to appellees taking over this action.

Special Finding No. 12 of the trial court found that on September 12, 1941 one Rachel Cuson brought a class suit to foreclose the assessment lien on some or all of the same parcels of real estate which had been assessed under Roll 251. On January 3, 1942 the Farmers State Bank of Valparaiso filed its cross-complaint as a bondholder of Roll 251 for the benefit of all bondholders of said Roll, "to which cross-complaint were made cross-defendants, all owners of the delinquent parcels of real estate sought to be foreclosed, and the City of Hobart and its Clerk-Treasurer." On October 30, 1942 the court in that case entered a decree of foreclosure upon said cross-complaint. A trustee was appointed who sold said property and made distribution as directed by the court in that action.

The special findings show that this action was filed April 30, 1942.

I believe the finding that the foreclosure suit was brought approximately two months before this action was commenced, and the judgment of foreclosure made seven months after this action was commenced, clearly establishes that the Farmers State Bank properly commenced this action as a class suit. The petition to inter-

vene, the amended complaint and the special findings show that the appellees were the owners of said bonds, and, in my opinion, they were parties to this action from the time it was commenced in April 1942.

I believe the judgment should be affirmed.

NOTE.—Reported in 135 N. E. 2d 618.
Transfer denied 145 N. E. 2d 573.