STATE EX REL. ZILKY v. LAKE SUPERIOR COURT, STODOLA, JUDGE.

[No. 30,024. Filed May 23, 1961. Rehearing denied June 30, 1961. Motion to vacate order denying rehearing denied October 2, 1961.]

*Paul B. Huebner,* of Hammond, *C. Severin Busch-mann* and *Donald A. Schabel,* both of Indianapolis, for relator.

*James J. Richardson, Cordell C. Pinkerton, Owen W. Crumpacker, Harold Abrahamson,* all of Hammond

and *James K. Northam,* of Indianapolis, for respondents.

ACHOR, J.—In this action relator asked for a writ of mandate commanding respondents to permit the relator to intervene in Cause No. 52261, in the Lake Superior Court, Room 1, as a named party representative of the class action and also that respondents be mandated to vacate and set aside an order dismissing that case, which order of dismissal was entered on March 14, 1960. This court issued an alternative writ.

This is a companion case to the case of *State ex rel. American Fletcher National Bank & Trust Company, etc., et al.* v. *Lake Superior Court, Room 5, Stodola, Spec. Judge,* an original action for writ of mandate filed in this court October 19, 1960, Cause No. 30025. Judgment in this case, as was true in the companion case above cited, was set aside by the Porter Circuit Court on June 23, 1954, upon mandate of the Appellate Court of Indiana because of fraud in the procurement of said judgment. See: *Gilkison et al.* v. *Darlington.* (1952), 123 Ind. App. 28, 106 N. E. 2d 473.

The dismissal of Cause No. 52261 in the Lake Superior Court, Room 1, which relator here challenges by his petition for writ of mandate, was the result of a motion filed by the City of Hammond on March 4, 1960, asking that said cause be dismissed and stricken from the docket because of the abandonment of said cause by the parties plaintiff thereto.

Thereafter, on June 26, 1960, and within the same term of court, the relator, Richard Zilky, allegedly a member of the class originally represented by Ruth L. Kimes, administratrix in said Cause No. 52261,

filed his petition to intervene in said cause as a party plaintiff. On the same date relator also filed a motion to vacate and set aside the order of dismissal entered by the respondent court on March 14, 1960.

On July 11, 1960, the defendant, City of Hammond, filed a motion in said cause to strike the pleadings and papers of the said Richard Zilky. The cause was submitted on July 28, 1960, and the respondent court thereafter on the following day entered an order denying relator's petition to intervene, striking relator's motion to vacate the order of dismissal.

In this, as in the companion case of *State, ex rel.* v. *Lake Superior Court, Room 5, Stodola, Spec. J., supra,* we are, at the outset, confronted by the fact that the petition is not accompanied by a certified copy of the complaint in the original action which is alleged to have been dismissed without authority and in which action the relator seeks to intervene. For the reason stated in the companion case of *State, ex rel.* v. *Lake Superior Court, Room 5, Stodola, Spec. J., supra,* this failure on the part of relator here to provide the court with "certified copies of all pleadings, orders and entries pertaining to the subject matter" in the action, as provided by Rule 2-35, is jurisdictional, and for this reason alone the petition filed herein is fatally defective.

However, if we were to consider the relator's petition on its merits the petition must, nevertheless, be denied. When a party, other than the named party in a class action, alleges that he is a member of the class and asks to intervene on the ground that the named party-plaintiff in the action has failed to prosecute the action with diligence, this allegation does not, in itself, impose a

mandatory duty upon the court to grant the petition. Rather, the petition to intervene is addressed to the discretion of the court and is contingent upon a prima facie showing that the original party-plaintiff had a right to maintain the action, that the party who seeks to intervene is a proper member of the class represented by the original party-plaintiff and that he has exercised diligence with respect to such intervention. *City of Hobart* v. *Baum et al.* (1957), 237 Ind. 316, 145 N. E. 2d 573; *State ex rel.* v. *Sammons* (1944), 223 Ind. 27, 57 N. E. 2d 587; *Forsyth* v. *American Maize Products Co.* (1915), 59 Ind. App. 634, 108 N. E. 622; 22 I. L. E. *Parties* §21 (1959). Such a determination involves consideration of both law and fact. Under such circumstances the decision of the trial court is reviewable by this court only by appeal. It is not reviewable by petition to mandate. *State ex rel. Tomlinson* v. *Jeffrey* (1952), 231 Ind. 101, 107 N. E. 2d 1. Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice §§2986 and 2991 (1952).

Relator has cited and relies upon the case of *Siegel* v. *Archer* (1937), 212 Ind. 599, 10 N. E. 2d 626, as supporting a contrary position. Although in that case the court stated the general proposition of law on page 603 that "a member of the class is entitled to be named as a party plaintiff upon a showing that the original plaintiff is allowing the interests of the members of the class to be jeopardized. . . . [And that] a voluntary dismissal by the named plaintiff would adversely affect the interests of the members of the class." Nevertheless, it must be noted that the issue in that case was presented to this court by *appeal,* and not by petition to mandate.

In this case the trial court considered the question of relator's right to intervene, and determined the issue adversely to this relator. Therefore, as the case is presented to us, relator has no standing in the case, except for the purpose of prosecuting an appeal from the denial of his petition to intervene.

The alternative writ of mandate heretofore issued is therefore dissolved, and the petition for a permanent writ of mandate is denied.

Landis, C. J., Arterburn, J., concur.

Bobbitt and Jackson, JJ., concur in the result.

NOTE.—Reported in 175 N. E. 2d 9.